**Richard L. MEADOWS,
Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

**No. 80–5653.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 11, 1982.

Dennis A. Berkson, Chicago, Ill., for plaintiff-appellant.

M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, R. Russell Mather, Attys., Tax Division, Dept. of Justice, Washington, D. C., for defendant-appellee.

Before TUTTLE, HILL and JOHNSON, Circuit Judges.

JAMES C. HILL, Circuit Judge:

This proceeding is brought as an appeal, though the definite judgment from which it is taken is not clearly set out. Insofar as it asserts that the district court acted outside its authority, its assertions are more appropriate to a petition for the writ of mandamus. It being our judgment that the district court did act within the authority conferred upon it by the Congress, and that we are precluded from reviewing its actions, the proceeding is dismissed, whether taken as an appeal or construed as a petition for mandamus relief.

A.

Appellant and another were arrested leaving a house under surveillance because of suspected narcotics activity. Appellant was in possession of $215,000.

Internal Revenue Service conducted an investigation after which it terminated appellant's tax year and immediately assessed him for $132,264.00, the amount IRS determined to be due. 26 U.S.C. § 6851.

After initiating a request for a review by Internal Revenue Service of the reasonableness and appropriateness of the assessment, as provided for in 26 U.S.C. § 7429(a)[1],

1. Section 7429(a) provides:
   (a) Administrative review.—
   (1) Information to taxpayer.—Within 5 days after the day on which an assessment is made under section 6851(a), 6861(a), or 6862, the Secretary shall provide the taxpayer with a written statement of the information upon which the Secretary relies in making such assessment.
   (2) Request for review.—Within 30 days after the day on which the taxpayer is furnished the written statement described in paragraph (1), or within 30 days after the last day of the period within which such state-

appellant commenced the action here reviewed. Under the provisions of § 7429(b)[2], he filed his complaint in the district court for a summary judicial determination of the reasonableness and appropriateness of the termination and assessment.

Section 7429(b)(2) provides that "within twenty days" after such an action is commenced "the district court shall determine ..." the reasonableness of the making of the assessment and of the appropriateness of the amount so assessed. However, appellant caused summonses to be attached to the complaint, for service upon the United States, demanding answer to the complaint "within 60 days after service ...."[3] (The record indicates that service upon the Attorney General was obtained some 17 days after the filing of the complaint.) The United States filed its answer 21 days after service or about 38 days after the commencement of the action. No party or counsel moved for action by the district court or advised the court, formally or informally, that either party was entitled to the court's determination "within twenty days after an action is commenced."

After the passage of 38 days from the commencement of the proceeding, appellant filed a motion to abate the assessment and for return of the $215,000, only then advising the district court of the provision of § 7429(b)(2) directing the district court to act within 20 days.

The court heard argument and denied the appellant's motion and proceeded to try the action on the merits. In announcing his conclusion that he had jurisdiction to make the determination of reasonableness and appropriateness after the passage of more than 20 days, the judge observed that his statutory authority and duty to act was not conditioned upon doing so within 20 days, even though Congress had directed that he do so. He noted that no consequences for failure to act so promptly had been set out, contrary to those set out in other acts requiring prompt disposition.[4]

---

ment is required to be furnished, the taxpayer may request the Secretary to review the action taken.

(3) Redetermination by Secretary.—After a request for review is made under paragraph (2), the Secretary shall determine whether or not—

(A) the making of the assessment under section 6851, 6861, or 6862, as the case may be, is reasonable under the circumstances, and

(B) the amount so assessed or demanded as a result of the action taken under section 6851, 6861, or 6862 is appropriate under the circumstances.

26 U.S.C. § 7429(a).

2. Section 7429(b) provides:

(b) Judicial review.—

(1) Actions permitted.—Within 30 days after the earlier of—

(A) the day the Secretary notifies the taxpayer of his determination described in subsection (a)(3), or

(B) the 16th day after the request described in subsection (a)(2) was made, the taxpayer may bring a civil action against the United States in a district court of the United States for a determination under this subsection.

(2) Determination by district court.—Within 20 days after an action is commenced under paragraph (1), the district court shall determine whether or not—

(A) the making of the assessment under section 6851, 6861, or 6862, as the case may be, is reasonable under the circumstances, and

(B) the amount so assessed or demanded as a result of the action taken under section 6851, 6861, or 6862, is appropriate under the circumstances.

(3) Order of district court.—If the court determines that the making of such assessment is unreasonable or that the amount assessed or demanded is inappropriate, the court may order the Secretary to abate such assessment, to redetermine (in whole or in part) the amount assessed or demanded, or to take such other action as the court finds appropriate.

26 U.S.C. § 7429(b).

3. The government contends that this action constituted a waiver of such right as the taxpayer might have to a determination within 20 days and his consent to the 40 day extension provided for in § 7429(c), reading:

(c) *Extension of 20-day period where taxpayer so requests.*—If the taxpayer requests an extension of the 20-day period set forth in subsection (b)(2) and establishes reasonable grounds why such extension should be granted, the district court may grant an extension of not more than 40 additional days.

In view of our resolution of the jurisdictional issue, we need not address this contention.

4. The district judge observed:

I am going to deny the motion to abate.

At the hearing on the merits, the appellant-taxpayer offered no evidence of any prejudice to him resulting from delay in the proceedings. On the merits, the district court found the termination appropriate and the assessment reasonable.

Appellant protests here that he is not appealing from the determinations on the merits, but "from the judgment and the trial court's ruling on a pre-trial Motion to Abate the assessment . . . ." Underpinning his position is that, because more than 20 days had elapsed after he commenced his action, the district court had no jurisdiction to act. Yet he asserts that he was, after the passage of the 20 days, entitled to have the district court act to abate the assessment.

### B.

Appellant's assertion that this court has jurisdiction to hear and decide his appeal is immediately confronted by the provisions of § 7429(f) providing:

> (f) Finality of determination.—Any determination made by a district court under this section shall be final and conclusive and shall not be reviewed by any other court.

This provision, in the literal reading, did not amount to a withdrawal of jurisdiction. Prior to the enactment of § 7429(b) of the Internal Revenue Code, the Congress had not, by providing jurisdiction, implicated the Third Branch in the termination assessment proceedings at all. Conceiving that such a proceeding by Internal Revenue was subject to abuse by the Service, and yet recognizing that disputes as to its use must be speedily resolved, the Congress deliberately limited the review for which it then provided. First, an opportunity was insured for IRS review, § 7429(a). Then, in order that there be a review by a detached authority, the Congress chose the District Judge. It is abundantly clear that it viewed the benefit to be derived from any further review in and by the judicial branch to be more than offset by the harm of delay. Therefore, when federal court jurisdiction was created, it was created in the district court only. The Congress clearly said, "This far and no further." Beyond administrative review, further proceedings are limited to the district court.

This is not novel. Since 1858 the law has contemplated the clash between the benefits to be derived from appellate review and the harm thus engendered by delay, opting for denial of appellate review. 28 U.S.C. § 1441 provides for removal of certain actions from state courts to federal district courts. Section 1447 provides, as to cases removed pursuant to § 1441,[5] that a district court's order remanding because, in the district judge's view, the case had been removed "improvidently and without jurisdiction" shall not be reviewable "on appeal or otherwise." This section has its roots in the Act of March 3, 1887, 24 Stat. 552. See *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 346, 96 S.Ct. 584, 590, 46 L.Ed.2d 542. The prohibition of appellate jurisdiction there, as in the statute here considered, was to prevent delay. *Id.* 351, 96 S.Ct. 593.

We cite *Thermtron*, specifically because there the Court held that, by mandamus, review of a remand order could be achieved under certain facts. The district judge had remanded but had, by order, specifically stated that the remand, under § 1447(d), was not pursuant to § 1447(c) from whence is derived the authority to remand. The judge undertook to remand for stated reasons (crowded district court docket) not included in those upon which he would have been authorized to act. Mandamus was held appropriate to correct this unauthor-

---

Congress has expressly directed district courts to take certain action within a specified period; such as in the Speedy Trial Act they have spelled out what occurs if the Court does not comply with the schedule. There being no such directive in this statute, it appears to the Court that the position contended for by plaintiffs simply lacks merit. The Court does have jurisdiction.

5. Appellate review of remand of cases removed under 28 U.S.C. § 1443 is specifically provided by § 1447(d).

ized order. It thus appears that where we are specifically forbidden to review action by a district judge when the judge is authorized to act, it may, nevertheless, be our duty to decide whether or not the action was, indeed, authorized. Erroneous action taken within authority may not be corrected; unauthorized acts may be curbed.

The issue before us was recently decided, in a remarkably similar case, by the Court of Appeals for the Seventh Circuit. In *United States v. Doyle*, 660 F.2d 277 (7th Cir. 1981), the well reasoned opinion of Judge Fairchild concludes that a district court's determination of reasonableness and appropriateness under § 7429(b) of a termination assessment under 26 U.S.C. § 6851 made after the passage of more than twenty days from the commencement of the action by the taxpayer was within the district court's statutory authority. We agree.

There, as here, the taxpayer commenced the action within the time allowed under § 7429(b), presumably well aware that he was entitled to a ruling within twenty days (§ 7429(b)(2)). There, as here, his attorney refrained from counseling the court as to his client's right to such a speedy determination. The clear language of § 7429(b)(2) places a duty on the district court to act within an extraordinarily short time. The taxpayer's funds have been subjected to assessment and lien; the Congress gave him a right to demand speedy review. We need not decide what would have obtained had he demanded it; he didn't. The Congress has declared no consequence to the taxpayer or the government should such a demand go unheeded. Presumably, were such a demand, by motion or otherwise, *denied*, the offended party could seek the writ of mandamus, though it is hardly likely that demand, denial, and the prosecution of the petition for the writ could achieve all that the Congress envisioned. We are comforted by our conviction that, when properly counseled by the taxpayer or his counsel as to the existence of the congressional directive, conscientious district judges will undertake to comply. Where compliance is not achieved, it is for the Congress to provide for the consequences—the assessment shall be undisturbed or it shall be abated.

Were appellant's position sound, it would follow that, after 20 days, the district court would be without authority either to abate the assessment (which is what appellant sought) or to determine that it was reasonable. The complaint and answer would lie undisturbed in the office of the clerk until dismissed for want of jurisdiction. There would be no consequence resulting from the filing of the complaint. We attribute no such intention to the Congress.

C.

Inasmuch as we conclude that the district court acted within its statutory authority, it follows that, under § 7429(f), there is no jurisdiction in this court to review that action, by appeal or by treating the appeal as petition for the writ of mandamus.

APPEAL DISMISSED.