Norma WILLIAMS, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 81–6071.

United States Court of Appeals, Eleventh Circuit.

May 12, 1983.

Norma Williams, pro se.

Stanley Marcus, U.S. Atty., Clark D. Mervis, Asst. U.S. Atty., Miami, Fla., John F. Murray, Asst. Atty. Gen., Tax Div., Dept. of Justice, Michael L. Paup, William S. Estabrook, III, Murray S. Horwitz, Glenn L. Archer, Jr., Washington, D.C., for defendant-appellee.

Before TJOFLAT, KRAVITCH and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

Norma Williams brought this action in the District Court for the Southern District of Florida under I.R.C. § 7429(b)(1).[1] The district court entered a final judgment of dismissal for lack of venue because Norma Williams, the appellant, is an alien. Williams argues that such a holding unconstitutionally infringes upon her fifth amendment rights and the rights of all alien taxpayers. We remand to the district court.

Norma Williams, a citizen of the United Kingdom, has a visa which allows her to visit and stay in the United States. During the past year, Williams spent eight months in Boca Raton, Florida, her principal place of residence; she spent the remaining time on trips abroad. Although Williams' husband had extensive business dealings in this country, they did not file federal income tax returns for the years 1978, 1979, or 1980. Williams' two children are enrolled in a Boca Raton elementary school.

On May 18, 1981, the Internal Revenue Service (IRS), made a jeopardy assessment under section 6861 of the Internal Revenue Code against Williams as a transferee of

---

1. Title 26 U.S.C.A. § 7429 provides:

(a) Administrative review.

(1) *Information to taxpayer.* Within 5 days after the day on which an assessment is made under section 6851(a), 6861(a), or 6862, the Secretary shall provide the taxpayer with a written statement of the information upon which the Secretary relies in making such assessment.

(2) *Request for review.* Within 30 days after the day on which the taxpayer is furnished the written statement described in paragraph (1), or within 30 days after the last day of the period within which such statement is required to be furnished, the taxpayer may request the Secretary to review the action taken.

(3) *Redetermination by Secretary.* After a request for review is made under paragraph (2), the Secretary shall determine whether or not—

(A) the making of the assessment under section 6851, 6861, or 6862, as the case may be, is reasonable under the circumstances, and

(B) the amount so assessed or demanded as a result of the action taken under section 6851, 6861, or 6862 is appropriate under the circumstances.

(b) Judicial review.

(1) *Actions permitted.* Within 30 days after the earlier of—

(A) the day the Secretary notifies the taxpayer of his determination described in subsection (a)(3), or

(B) the 16th day after the request described in subsection (a)(2) was made,

the taxpayer may bring a civil action against the United States in a district court of the United States for a determination under this subsection.

(2) *Determination by district court.* Within 20 days after an action is commenced under paragraph (1), the district court shall determine whether or not—

(A) the making of the assessment under section 6851, 6861, or 6862, as the case may be, is reasonable under the circumstances, and

(B) the amount so assessed or demanded as a result of the action taken under section 6851, 6861, or 6862, is appropriate under the circumstances.

(3) *Order of district court.* If the court determines that the making of such assessment is unreasonable or that the amount assessed or demanded is inappropriate, the court may order the Secretary to abate such assessment, to redetermine (in whole or in part) the amount assessed or demanded, or to take such other action as the court finds appropriate.

. . . .

(e) Venue. A civil action under subsection (b) shall be commenced only in the judicial district described in section 1402(a)(1) or (2) of title 28, United States Code [28 USCS § 1402(a)(1) or (2)].

(f) Finality of determination. Any determination made by a district court under this section shall be final and conclusive and shall not be reviewed by any other court.

her husband.[2] Accordingly, notice was immediately mailed demanding prompt payment. At the time of the assessment, Williams was advertising her house for sale. After receiving notice of assessment, Williams filed a timely request for an administrative review of the assessment pursuant to section 7429(a)(2). The IRS, after conducting a review, notified Williams that it would uphold its assessment.

On July 30, 1981, Norma Williams filed this action in the District Court for the Southern District of Florida pursuant to I.R.C. § 7429(b)(1). On August 21, 1981, the court held a hearing on Williams's motion to abate the assessment and on the government's motion to dismiss for improper venue. The court held that pursuant to section 7429(e) of the Internal Revenue Code and 28 U.S.C. § 1402(a)(1), Williams failed to establish venue in the Southern District of Florida. The district court made no finding as to whether Williams is a resident or non-resident alien. The court entered judgment dismissing the case for lack of venue. Williams appealed.

We have before this court a case vastly different from the case before the district court. The government, by supplemental brief, has changed its position from the position it asserted in the district court and at oral argument before this court. The government originally argued that no alien taxpayer, resident or non-resident, could

avail himself of I.R.C. § 7429. Upon "more mature reflection" the government reconsidered its position in similar cases (*Botero v. United States,* and *Fernandez v. United States,* 704 F.2d 592), and now concedes that a resident alien may attack a jeopardy assessment without any venue bar.

The principal issue now before us is whether a non-resident alien taxpayer has the right to contest jeopardy assessments under I.R.C. § 7429. The resolution of this issue is of prime importance because of the impact a district court's decision has on the merits of a jeopardy assessment. *See* section 7429(f), Internal Revenue Code (1954), *see also Vicknair v. United States,* 617 F.2d 1129 (5th Cir.1980) (district court's decision on the merits of a jeopardy assessment is not reviewable by the circuit courts under section 7429(f)).

Section 7429(e) I.R.C. provides that an action filed pursuant to section 7429(b) may "be commenced only in the judicial district described in section 1402(a)(1) ... of Title 28 U.S.C." Section 1402(a)(1) provides that a civil action may be prosecuted against the United States under section 1346(a), 28 U.S.C., only "in the judicial district where plaintiff resides." Since a non-resident alien is not a resident in any judicial district, the government argues that he cannot meet the venue requirements of section 1402(a)(1).

---

**2.** Title 26 U.S.C.A. § 6861. Jeopardy assessments of income, estate, gift, and certain excise taxes

(a) Authority for making. If the Secretary believes that the assessment or collection of a deficiency, as defined in section 6211, will be jeopardized by delay, he shall, notwithstanding the provisions of section 6213(a), immediately assess such deficiency (together with all interest, additional amounts, and additions to the tax provided for by law), and notice and demand shall be made by the Secretary for the payment thereof.

(b) Deficiency letters. If the jeopardy assessment is made before any notice in respect of the tax to which the jeopardy assessment relates has been mailed under section 6212(a), then the Secretary shall mail a notice under such subsection within 60 days after the making of the assessment.

(c) Amount assessable before decision of Tax Court. The jeopardy assessment may be made in respect of a deficiency greater or less than that notice of which has been mailed to the taxpayer, despite the provisions of section 6212(c) prohibiting the determination of additional deficiencies, and whether or not the taxpayer has theretofore filed a petition with the Tax Court. The Secretary may, at any time before the decision of the Tax Court is rendered, abate such assessment, or any unpaid portion thereof, to the extent that he believes the assessment to be excessive in amount. The Secretary shall notify the Tax Court of the amount of such assessment, or abatement, if the petition is filed with the Tax Court before the making of the assessment or is subsequently filed, and the Tax Court shall have jurisdiction to redetermine the entire amount of the deficiency and of all amounts assessed at the same time in connection therewith.

## PURPOSE OF SECTION 7429

Section 7429 was introduced into the Internal Revenue Code of 1954 under the Tax Reform Act of 1976. *See* Pub.L. No. 94–455, 90 Stat. 1520 § 1204(a) (1976). Basically, I.R.C. § 7429 provides for an "expedited" means of judicial review of jeopardy assessments made by the IRS. S.Rep. No. 938, (Part I), 94th Cong.2d Sess. 364 (1976), *reprinted in* 1976 U.S.Code Cong. & Ad. News (90 Stat.) 2897, 3439. Congress introduced I.R.C. § 7429 because of the lack of effective judicial remedies available to a taxpayer under the prior law. *See* Joint Committee on Taxation, 94th Cong., 2d Sess. General Explanation of the Tax Reform Act of 1976. *See also Laing v. United States,* 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976) (when taxpayer has been subjected to termination assessment, the service is required to send taxpayer a notice of deficiency within sixty days after assessment); *Commissioner of Internal Revenue v. Shapiro,* 424 U.S. 614, 630 n. 12, 96 S.Ct. 1062, 1072 n. 12, 47 L.Ed.2d 278 (1976) (taxpayer may be constitutionally entitled to a more rapid judicial or administrative review of the service's basis for a seizure of assets pursuant to a jeopardy assessment than is provided by his right to petition the tax court under the normal tax procedures). Under the prior law, when the IRS made a jeopardy assessment, the only judicial remedies available to the taxpayer were the same as those available for a normal assessment. These remedies included either petitioning the tax court for redetermination or filing a refund suit in the United States district court or the old Court of Claims after six months. As a practical matter, however, these remedies were of no consequence since the jeopardy assessed the taxpayer was not subject to the same protections afforded the ordinary taxpayer.[3] *See* Joint Committee of Taxation, 94th Cong., 2d Sess., General Explanation of the Tax Reform Act of 1976. Congress, realizing the seriousness of the problem, decided that a taxpayer should be able to obtain an "expedited" judicial review of the propriety of a jeopardy assessment. Moreover, Congress indicated that this expedited judicial review should be available without subjecting the assets levied upon to sale prior to or during the pendency of judicial review. *See* H.R.Rep. No. 658, 94th Cong., 1st Sess. 301–303 (1975), *reprinted in* 1976 U.S.Code Cong. & Ad.News 2897, 3197–99; S.Rep. No. 938 (Part I), 94th Cong., 2d Sess. 361–64 (1976), *reprinted in* 1976 U.S.Code Cong. & Ad. of I.R.C. § 7429 (indicates that its purpose is to provide a means whereby a taxpayer can contest the propriety of a jeopardy assessment without fear of losing the assets levied upon). S.Rep. No. 938 (Part I), 94th Cong., 2d Sess. 364 (1976), *reprinted in* 1976 U.S.Code Cong. & Ad.News (90 stat.) 3439.

I.R.C. § 7429(b)(1) provides that jurisdiction for such judicial review rests in the United States district court. *See Loretto v. United States,* 440 F.Supp. 1168, 1170 (E.D. Pa.1977). The statute further provides that venue for such actions is to be determined under 28 U.S.C.A. § 1402(a)(1) or (2). Section 7429(e), Internal Revenue Code (1954). It is from this provision that our dispute originates.

## SECTION 1402(a)(1)

Title 28 U.S.C.A. § 1402(a)(1) provides that: "Any civil action against the United States under subsection (a) of section 1346 of this Title may be prosecuted only: (1) except as provided in paragraph (2), in the judicial district where the plaintiff resides . . . ." An alien, for purposes of establishing venue, is presumed by law not to reside in any judicial district of the United States regardless of where the alien actually lives. *Galveston, Harrisburg & San Antonio Railway Co. v. Gonzales,* 151 U.S. 496, 506–07, 14 S.Ct. 401, 404–05, 38 L.Ed. 248 (1894). Moreover, the First Circuit and the Southern District of New York have

---

**3.** The Internal Revenue Service is precluded from selling any property seized prior to or during tax court litigation, however, the jeopardy taxpayer, unlike the ordinary taxpayer, loses the use of whatever property is seized by the Internal Revenue Service until a judgment is rendered.

both held that section 1402(a)(1) venue is improper in a tax refund suit instituted by a non-resident alien in the United States district court. *Malajaeian v. United States,* 504 F.2d 842 (1st Cir.1974); *Shaw v. United States,* 422 F.Supp. 339 (S.D.N.Y.1976), *see also Prudencio v. Hanselmann,* 178 F.Supp. 887 (Minn.1959) (resident alien was precluded from bringing a diversity action in his home state because, as an alien, he was not a resident of any district in the United States). The government, on the basis of the venue statute and these cases, urges us to hold that a non-resident alien cannot establish venue in any district in order to contest a jeopardy assessment. In viewing this matter, however, we are cognizant of the fact that these cases were decided before I.R.C. § 7429 was enacted. Additionally, they presented a totally different problem from the one we now face. Notwithstanding these points, even more important are the possible constitutional implications caused by the conflict between section 1402(a)(1) and the objective of I.R.C. § 7429.

## ALIEN TAXPAYER STATUS

The status of an alien taxpayer is divided into two classes: (1) non-resident alien, or (2) resident alien. *See,* Treas.Reg. § 1.871–1 (1980). This status is important because its resolution determines how the alien will be taxed by the United States. A resident alien is taxed the same as a United States Citizen, a non-resident alien, conversely, is taxed according to three defined sub-classes. *See,* Treas.Reg. § 1.871–

1(a)(b). Determining which class an alien falls into requires an examination of the regulations and the circumstances.[4] *See* Treas.Reg. § 1.871–1; Rev.Rul. 70–461, CB 1970–2.

A non-resident alien is defined as an individual whose residence is not within the United States. *Lemery v. Commissioner,* 54 T.C. 480 (1970). A resident alien, by contrast, is an individual who is residing in the United States and is not a mere transient or sojourner. Treas.Reg. 1.871–2(b).

## DISCUSSION

■ The government submits that the clear language of section 1402(a)(1) would mandate the exclusion of non-resident aliens for venue purposes under I.R.C. § 7429(c). Additionally, the government submits there is a rational basis inherent in section 1402(a)(1) and section 7429(e) for distinguishing between non-resident and resident aliens. Williams, on the other hand, argues that to hold venue improper in all districts for non-resident taxpayers would violate the due process (equal protection) clause of the fifth amendment. Williams, thus, places in issue the constitutionality of section 1402(a)(1). After carefully considering both parties' arguments, we believe that it is settled that a court should scrutinize the constitutionality of a statute only as applied in the case before it. *See Broadrick v. Oklahoma,* 413 U.S. 601, 610–12, 93 S.Ct. 2908, 2914–2916, 37 L.Ed.2d 830 (1973); *United States v. Raines,* 362 U.S.

---

**4.** Treasury Regulation § 1.871–2 provides:

(a) *General.* The term "non resident alien individual" means an individual whose residence is not within the United States, and who is not a citizen of the United States. ... For presumption as to an alien's nonresidence, see paragraph (b) of § 1.871–4.

(b) *Residence defined.* An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the income tax. Whether he is a transient is determined by his intentions with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in the United States and has no definite intention as to his stay, he is a resident. One who comes to the United States for a definite purpose which in its nature may be promptly accomplished is a transient; but, if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. An alien whose stay in the United States is limited to a definite period by the immigration laws is not a resident of the United States within the meaning of this section, in the absence of exceptional circumstances.

17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524 (1960). There is no doubt, as the government concedes, that resident alien taxpayers may avail themselves of the benefits of I.R.C. § 7429 and the venue statute. Such a holding is clearly consistent with the purpose of I.R.C. § 7429, and logically satisfies the requirements of § 1402(a)(1). The question concerning non-resident alien taxpayers however, presents a more difficult problem. The most readily apparent problem concerns the extent of the deprivation of the constitutional rights of alien taxpayers, whose property has been seized by the government without the statutory benefits afforded all other taxpayers.[5] The Supreme Court has repeatedly extended due process and equal protection to aliens without regard to resident or non-resident status. *Plyer v. Doe,* 457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982).

■ We hold, as the government concedes, that a resident alien taxpayer may establish venue under 28 U.S.C.A. § 1402(a)(1) for purposes of contesting a jeopardy assessment. We are, however, unable to apply that holding in this case because the district court made no finding regarding the resident or non-resident status of Williams.[6] Since the government has so radically changed its position from its assertions in the trial court, we will not attempt to find facts from this record. The trial court must perform that task. If the court finds that Williams is a resident alien taxpayer, and venue is proper in the Southern District of Florida, the case will proceed to the merits in the ordinary course of litigation. If the court finds that Williams is a non-resident alien taxpayer, it must consider the difficult constitutional question of whether the government may constitutionally raise improper venue to bar a non-resident alien taxpayer from use of the jeopardy assessment review procedures pro-

vided by section 7429 I.R.C. This difficult question is best left for determination if and when squarely presented.

Accordingly, this case is remanded for further proceedings.

REMANDED.

---

**5.** This case, involving a federal statute, does not directly implicate the fourteenth amendment, but only the equal protection principles which have been incorporated into the due process clause of the fifth amendment. See *Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954); *Schneider v. Rusk,* 377 U.S.

163, 168, 84 S.Ct. 1187, 1190, 12 L.Ed.2d 218 (1964).

**6.** The position taken by the government in the district court made a finding of resident or non-resident status unnecessary.