**Harry E. HALL, Plaintiff-Appellant,**

v.

**COMMISSIONER, INTERNAL REVE-NUE SERVICE (DEPARTMENT OF TREASURY), Defendant-Appellee.**

No. 86–8275.

United States Court of Appeals, Eleventh Circuit.

Dec. 16, 1986.

---

Bruce S. Harvey, Atlanta, Ga., for plaintiff-appellant.

Michael L. Paup, Roger M. Olsen, Wynette J. Hewett, Seth G. Heald, Chief, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before GODBOLD and VANCE, Circuit Judges, and SWYGERT *, Senior Circuit Judge.

### CORRECTED OPINION

GODBOLD, Circuit Judge:

Hall appeals from the district court's dismissal of his suit seeking review pursuant to 26 U.S.C. § 7429 of termination and jeopardy assessment against him with respect to income taxes for the year 1984 and a § 6700 penalty for allegedly promoting "abusive" tax shelters.

On June 10, 1985 Hall filed an action pursuant to 26 U.S.C. § 7429 seeking a determination of the validity of the I.R.S. Commissioner's termination and jeopardy assessments, but he failed to submit a motion for rule *nisi* along with his complaint as required by Local Rule 325–1 of N.D. Georgia.[1] On August 12 the government filed a motion to dismiss pursuant to Rule 325–1 for failure to file the requisite motion for rule *nisi* or, alternatively, for summary determination. The district court found that Hall had not filed a motion for rule *nisi* and that the local rule's requirement of dismissal for noncompliance was not discretionary. The court, therefore, dismissed the suit without any determination of the merits.[2] *Hall v. U.S.,* No. C85–3201A (N.D.Ga. Dec. 3, 1985). After the district court denied his motion for reconsideration, Hall filed this appeal.

### Jurisdiction

26 U.S.C. § 7429(f) provides that "[a]ny determination made by a district court under this section shall be final and conclusive and shall not be reviewed by any other court." The government argues that this provision bars appellate jurisdiction in this case where the action was dismissed by the district court pursuant to local rule. We disagree and find that § 7429(f) does not bar an appeal when the district court dismissed the suit solely on procedural

---

* Honorable Luther M. Swygert, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. Local Rule 325–1 provides:
   All actions arising under 26 U.S.C. § 7429 (1982) shall bear the designation "Review of Jeopardy Assessments" on the complaint next to the style of the case. Upon filing such an action, the filing attorney *shall immediately present a motion for rule nisi* to the judge to whom the action has been assigned. *Failure to comply with this rule shall result in automatic dismissal of the action.*
   (emphasis added).

2. Hall says that he submitted a motion for rule *nisi* along with his response to the motion to dismiss, but the district court found that no such motion was submitted, *Hall v. U.S.,* No. C85–3201A at 1–2, and none appears in the record.

grounds without reaching the issue of whether the assessment was reasonable or its amount appropriate.

The first issue to be resolved is exactly what "determination" is precluded from review by § 7429(f). The meaning of "determination" in § 7429(f) must be consistent with the use of that word in the rest of § 7429. The language of § 7429(b)(2) is particularly informative:

> Determination by district court. Within 28 days after an action is commenced under paragraph (1), the district court shall determine whether or not—
>
> (A) the making of the assessment ... is reasonable under the circumstances, and
>
> (B) the amount so assessed or demanded as a result of the action taken ... is appropriate under the circumstances.

Section 7429 provides for no other determination. We conclude therefore that the "determination" that is insulated from review is the determination of the reasonableness of the assessment and the appropriateness of its amount. We find that the statutory language does not bar review of a district court's determination to dismiss the entire proceeding on purely procedural grounds when the court has not reached the merits of the appeal.

■■■■ This court has previously recognized such an exception to the non-appealability of § 7429 determinations:

> · [W]here the appeal is based on procedural error—i.e., that the district court acted outside its authority, rather than acting erroneously within its authority—this court will review the decision to determine whether such error occurred. The exception applies here, where [the plaintiff] is appealing the district court's dismissal for lack of jurisdiction.

*Schuster v. U.S.,* 765 F.2d 1047 (11th Cir. 1985).[3] This court may not correct errone-

ous action taken within the authority of the district court, but it may curb unauthorized acts. *Meadows v. U.S.,* 665 F.2d 1009, 1012 (11th Cir.1982). Section 7429(f) does not prevent this court from deciding "whether or not the action was, indeed, authorized." *Id.*

We have exercised jurisdiction over several such appeals from § 7429 proceedings. *See Schuster,* 765 F.2d 1047 (review of dismissal on the ground that Schuster was a fugitive from justice and therefore not entitled to invoke the court's jurisdiction); *Fernandez v. U.S.,* 704 F.2d 592 (11th Cir.), *cert. denied,* 464 U.S. 852, 104 S.Ct. 165, 78 L.Ed.2d 150 (1983) (review of dismissal because petition for review was time barred); *Williams v. U.S.,* 704 F.2d 1222 (11th Cir. 1983) (review of dismissal for lack of venue); *Meadows,* 665 F.2d 1009 (no jurisdiction to review the district court's determination because the district court acted within its authority when it entered its decision more than 20 days after the petition was filed).[4]

Review of such procedural orders is consistent with Congress' intent in enacting § 7429 to prevent taxpayers from being forced to endure lengthy delays before obtaining judicial review of termination and jeopardy assessments. H.Rep. No. 658, 94th Cong., 2d Sess. 16, 301–04 (1976), *reprinted in* 1976 U.S. Code Cong. & Admin. News 2897, 3197–3200; S.Rep. No. 938, 94th Cong., 2d Sess. 19, 362–67 (1976), *reprinted in* 1976 U.S.Code Cong. & Admin. News 3439, 3792–96. In § 7429 Congress provided for expedited review of termination and jeopardy assessments by a district court but, to prevent the harm that would stem from further delay, prohibited review of the district court's decision by any other court. *Meadows,* 665 F.2d at 1011. It would be ironic if the very provision intended to benefit taxpayers by pro-

---

**3.** Although the court considered the jurisdictional issue in *Schuster,* it did not actually decide it; neither party contested the court's authority to review the case. *Schuster,* 765 F.2d at 1049.

**4.** The jurisdictional question was not contested in *Fernandez, Williams,* or *Schuster* and was not even discussed in either *Fernandez* or *Williams.*

viding for expedited rulings could be used to thwart any effort by a taxpayer to obtain meaningful review. A finding that the district court could completely deny review by dismissing § 7429 proceedings on procedural grounds would be inconsistent with the purposes of the statute.

Because the district court dismissed Hall's appeal on procedural grounds, we find that its determination is not insulated from review and that we have jurisdiction to decide whether or not the district court was authorized to dismiss Hall's suit with prejudice.

### Merits

Section 7429(c) requires a district court to render a decision on an appeal from an assessment within 20 days of when the appeal is filed unless the taxpayer requests an extension and establishes reasonable grounds for that extension. To facilitate compliance with this requirement the district court for the Northern District of Georgia enacted Local Rule 325–1. To bring it to the attention of the court that the suit is a § 7429 appeal that must be decided within 20 days, the rule requires the filing attorney to submit a motion for rule *nisi* to the judge immediately upon filing the § 7429 action.

■ District courts are authorized to make and amend rules governing their practice that are not inconsistent with the Federal Rules of Civil Procedure or acts of Congress. Fed.R.Civ.P. 83; 28 U.S.C. § 2071. The district court had the authority to enact a procedural rule requiring the submission of a motion for rule *nisi* to facilitate speedy review of IRS termination and jeopardy assessments, and it could even mandate an ultimate sanction of dismissal with prejudice for noncompliance with the rule. The sanction of dismissal with prejudice is not inherently too harsh, but the sanction embodied in Local Rule 325–1 of automatic dismissal if the attorney does not submit a motion for rule *nisi*

is too harsh and is inconsistent with the Federal Rules.

■ The problem with Rule 325–1 is not that noncompliance with the rule will lead to dismissal but rather that the district court does not have the discretion to deny the dismissal if the local rule is not complied with should the equities of the case so demand. A district court may support its efforts to facilitate compliance with the 20–day requirement by enacting rules mandating actions that will bring the nature of the case to its attention. But the automatic nature of this rule is simply too harsh, particularly since the district court is not obligated by the statute to dismiss the suit should a taxpayer's legitimate demand for an expedited ruling go unheeded. *See Meadows*, 665 F.2d at 1012.

As we noted recently in a case concerning a dismissal pursuant to Fed.R.Civ.P. 41(b):

> Since dismissal with prejudice has such drastic consequences for the plaintiff, such dismissal is proper only where there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Thus, even though local rules are valid and binding on the parties, their enforcement must be tempered with due consideration of the circumstances.

*Cohen v. Carnival Cruise Lines,* 782 F.2d 923, 924 (11th Cir.1986) (citations omitted). "Dismissal with prejudice is proper only where a lesser sanction would not serve the interest of justice." *Id.* at 925. This court has reversed several district court dismissals of cases pursuant to Rule 41(b) for counsel's error when the facts did not demonstrate a clear pattern of delay or willful contempt and a lesser sanction would have sufficed. *See, e.g., Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241 (5th Cir. 1980); *McGowan v. Faulkner Concrete Pipe Co.,* 659 F.2d 554 (5th Cir.1981). Dismissal under Rule 41(b), unlike under Rule 325–1, is discretionary. Nevertheless, the

reasons for this court's care in sustaining dismissals pursuant to Rule 41(b) are the very reasons that Rule 325–1 is inconsistent with the Federal Rules of Civil Procedure. The different purposes of the two rules justify dismissal in different circumstances, but the idea that dismissal is a severe sanction that should be carefully applied pervades the Federal Rules.

Automatic dismissal because of an attorney's failure to comply with a procedural requirement relating to reviewing the drastic remedy of jeopardy assessments, without regard to the equities of a case, is contrary to the policy of the Federal Rules to secure the just and speedy determination of every action. *See* Fed.R.Civ.P. 1. The Federal Rules were intended to abolish the old technical forms of action and procedural distinctions that often resulted in a case being disposed of on picayune pleading defects without regard to the merits of the controversy. *See* Fed.R.Civ.P. 2 advisory committee's note; C. Wright, *The Law of Federal Courts* §§ 67, 68 (1983). The Federal Rules provide opportunities to amend pleadings and give courts the discretion to permit further amendments when justice so requires in order to prevent unjustified dismissals. *See, e.g.,* Fed.R.Civ.P. 15. The Federal Rules emphasize fair notice and the doing of justice: "all pleadings shall be so construed as to do substantial justice." Fed.R.Civ.P. 8(f); *De Loach v. Crowley's, Inc.*, 128 F.2d 378, 380 (5th Cir.1942). Rule 60(b) illustrates the purpose of the Federal Rules to dispense justice by enabling the court on motion from a party to provide for relief from a final judgment, order, or proceeding because of "mistake, inadvertence, ... excusable neglect, ... or any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). Rule 60(b) can be used to mitigate the harsh impact of calendar rules when a litigant's action is dismissed as a result of his counsel's neglect. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 632, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734, *reh'g denied,* 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112 (1962).

The district court's per se rule exceeds the rulemaking powers of the district court because it unduly and unnecessarily frustrates the policies underlying the Federal Rules. Therefore the district court acted outside of its authority when it dismissed Hall's appeal.

Whether some lesser sanction is appropriate against Hall's attorney is a matter for the district court.

REVERSED and REMANDED.