Dominick LAROSA; Joseph Larosa; the Larosa's International Fuel Company, Inc., Plaintiffs–Appellants,

and

Loretta C. Larosa, Plaintiff,

v.

UNITED STATES of America, Defendant–Appellee.

No. 87–1554.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 6, 1988.

Decided March 14, 1988.

George John Rabil, Washington, D.C., for plaintiffs-appellants.

Mary Francis Clark, Tax Div., Dept. of Justice, Washington, D.C., (Breckinridge L. Willcox, U.S. Atty., Baltimore, Md., William S. Rose, Jr., Acting Asst. Atty. Gen., Michael L. Paup, Gilbert S. Rothenberg, Attys., Tax Div., Dept. of Justice, Washington, D.C., on brief), for defendant-appellee.

Before SPROUSE and WILKINS, Circuit Judges, and YOUNG, United States District Judge for the District of Maryland, sitting by designation.

WILKINS, Circuit Judge:

Dominick LaRosa, Joseph LaRosa and their close corporation, The LaRosa's International Fuel Co., Inc., (Taxpayers) have filed a consolidated appeal from the district court's refusal to set aside jeopardy tax assessments made against them by the Internal Revenue Service (IRS). We dismiss the appeal for lack of jurisdiction.

## I.

Dominick and Joseph LaRosa were indicted in Maryland state court for failure to report approximately $20,000,000.00 of income, individually and through their corporation, from a lengthy brokerage contract with the Monongahela Power Company in West Virginia. The evidence at trial demonstrated manipulation of funds through a series of approximately 300 individual corporate "nominee" accounts, using a variety of names and social security numbers and questionable accounting practices. The LaRosas asserted that they intended to report the income at the conclusion of the contract period by using the "long-term completed contract method of accounting." The state trial judge, sitting without a jury, found the taxpayers guilty on all counts, concluding their assertions were "incredible."

Following the state tax fraud convictions, the IRS made a jeopardy assessment against Taxpayers pursuant to 26 U.S.C.A. § 6861 (West 1967), which provides that if the IRS believes that the assessment or collection of a tax deficiency will be "jeopardized by delay," it is directed to assess the deficiency immediately and give notice and demand for immediate payment of the tax. If payment is not made, the IRS is authorized to seize the property of the taxpayer. 26 U.S.C.A. § 6331(a) (West 1967). However, the IRS may not sell any property seized pursuant to a jeopardy assessment except as provided by statute. 26 U.S.C.A. § 6863(b) and (c) (West 1967 & Supp.1987).

Judicial review of a jeopardy assessment is provided under 26 U.S.C.A. § 7429 (West Supp.1987). This provision authorizes the taxpayer to bring a civil action in a federal district court to determine whether it was reasonable to make the assessment and whether the amount assessed is appropriate. *Id.* § 7429(b). The IRS bears the burden of proof on the reasonableness of making the assessment, but the taxpayer must demonstrate whether the amount is appropriate. *Id.* § 7429(g).

Taxpayers brought actions pursuant to section 7429 seeking to set aside the IRS jeopardy assessments. Following a hear-ing and submission of documents the district court upheld the jeopardy assessments, and in its order of April 15, 1986 directed the government not to seize or sell Taxpayers' assets pending the tax court's determination of Taxpayers' liabilities or its own further order. On April 19, 1986, the court granted the government's motion under Federal Rule of Civil Procedure 59(e) to amend the order of April 15, issuing an order lifting the bar to seizure of Taxpayers' assets. On December 29, 1986 the court denied the motions of Taxpayers to amend the April 19 order, or alternatively to reopen the record, and denied a motion to strike an escrow agreement allegedly entered into between the parties and relied on in part by the government in its motion to amend.

## II.

Taxpayers make several claims of error in the rulings and orders of the district court. We need not address each one since resolution of the jurisdictional issue is dispositive.

Under 26 U.S.C.A. § 7429(f) "[a]ny determination made by a district court under this section shall be final and conclusive and shall not be reviewed by any other court." We need look no further than the plain language of the statute, which clearly forecloses further review of the district court's determination. *Nichols v. United States,* 633 F.2d 829 (9th Cir.1980); *Vicknair v. United States,* 617 F.2d 1129 (5th Cir.1980). This statute, enacted in 1976 and amended in 1984, was in its entirety a response to concerns of insufficient protections afforded to those subject to jeopardy assessments. S.Rep. No. 938, 94th Cong., 2d Sess. 362–64, *reprinted in* 1976 U.S. Code Cong. & Admin.News 2897, 3439, 3792–93. At the time of enactment Congress clearly had in mind the degree of protection it intended to provide. Except under limited circumstances, the district court's determination shall not be subject to appellate review.

The Eleventh Circuit has articulated several limited situations in which an appellate court has jurisdiction to review a district

court's actions under section 7429, but those exceptions are inapplicable here. In *Schuster v. United States*, 765 F.2d 1047 (11th Cir.1985), the court exercised jurisdiction over an appeal from the district court's dismissal for lack of jurisdiction of a petition for review of a termination assessment, a procedure related to jeopardy assessments and also subject to the review provisions of section 7429. The court concluded that there was appellate jurisdiction only to the extent that the appeal was based on whether the district court acted outside its authority, rather than whether it acted erroneously within its authority. *Id.* at 1049.

In *Meadows v. United States*, 665 F.2d 1009 (11th Cir.1982), the court concluded that the district court acted within its statutory authority in ruling on issues relating to a termination assessment. The appellate court noted its limited jurisdiction under section 7429(f), stating that "when federal court jurisdiction was created, it was created in the district court only. The Congress clearly said, 'This far and no further.' Beyond administrative review, further proceedings are limited to the district court." *Id.* at 1011.

In *Williams v. United States*, 704 F.2d 1222 (11th Cir.1983), the district court dismissed an action for review of a jeopardy assessment for lack of venue because the taxpayer was an alien who could not meet the statutory requirements of bringing a civil action against the United States "only 'in the judicial district where plaintiff resides.'" *Id.* at 1224. The circuit court reversed and remanded holding that a resident alien taxpayer may establish venue for purposes of contesting a jeopardy assessment. *Id.* at 1227. This decision noted that the issue of a nonresident alien's right to contest jeopardy assessments is "of prime importance," in part because of the nonreviewability of a district court's decision on the merits. *Id.* at 1224.

### III.

Taxpayers rely on *Hiley v. United States*, 807 F.2d 623 (7th Cir.1986), in which the district court dismissed a taxpayer's challenge to termination and jeopardy assessments because he exercised his fifth amendment privilege and refused to testify. The circuit court reversed and remanded, concluding that dismissal under such circumstances "undermine[d] the rights of the taxpayer under both the Fifth Amendment and § 7429." *Id.* at 629. Jurisdiction was exercised only to the extent necessary to correct a procedural error of constitutional magnitude.

Taxpayers have attempted to frame their argument in the language of constitutional error, contending that the procedure followed by the district court in amending its initial order was a violation of their fifth amendment due process rights. They assert that granting the motion to amend "without affording the appellants an opportunity to present other evidence after the Court itself closed the record and had entered a different judgment, [was] arbitrary and a violation of taxpayers' due process rights."

Although the procedures followed by the district court in issuing its amended order should not be repeated, not every procedural error will rise to the level of a constitutional violation. In its initial order, the district court found that jeopardy assessments were reasonable and appropriate, but it also barred seizure or sale of Taxpayers' property until after further judicial proceedings. The order was based in part on *DeLauri v. United States*, 492 F.Supp. 442 (W.D.Tex.1980), and appears to have been inconsistent with the apparent purposes of the jeopardy assessment procedures. *See* 26 U.S.C.A. §§ 6331(a) and (b). A district court has no jurisdiction to "fashion an appropriate order" in circumstances where the assessment has been ruled reasonable and appropriate:

> If the court determines that the making of such assessment is unreasonable or that the amount assessed or demanded is inappropriate, the court may order the Secretary to abate such assessment, to redetermine (in whole or in part) the amount assessed or demanded, or to take

such other action as the court finds appropriate.

26 U.S.C.A. § 7429(b)(3).

The government here moved to amend the first order, asserting that the district court exceeded its authority by barring seizure after it determined that the assessments were reasonable and appropriate. The motion was also based on the alleged escrow agreement between the parties. The district court's order of April 19 lifted the bar on seizure of Taxpayers' property but did not indicate to what degree the escrow agreement entered into its decision. Under these circumstances, since it is clear that the portion of the earlier order which barred seizure was beyond the court's authority, and that amendment of the order was appropriate, there was no constitutional right violated by the district court's actions.

APPEAL DISMISSED.