853 F.2d 927
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven MAYLE, et al., Plaintiffs-Appellants,
v.
The OHIO POWER COMPANY, Defendant-Appellee.
 No. 87-3582.
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1988.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and JAMES D. TODD, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from an order dismissing an employment discrimination case because of the plaintiffs' failure to respond properly to the defendant's discovery requests. Finding no abuse of discretion by the district court, we shall affirm the dismissal.
 
 I.
 
 2
 The two plaintiffs filed a joint complaint in May of 1983. On September 23, 1983, after a pretrial conference, a United States Magistrate entered an order providing that "[a]ll discovery must be completed by March 1, 1984." On January 19, 1984, the defendant served a request for production of documents and two separate sets of interrogatories--one directed to plaintiff Mayle and one directed to plaintiff Jenkins. Rule day for the plaintiffs' responses was February 21, 1984. Neither plaintiff responded. The failure to respond to the discovery requests was discussed, with no visible result, at status conferences held on October 16, 1985, and January 22, 1986.
 
 
 3
 Following a pretrial conference held on March 19, 1986 (at which conference the plaintiffs were represented by new counsel), the magistrate entered an order stating that "[a]ll discovery must be completed by June 15, 1986. This date will not be extended." It is undisputed that the plaintiffs' new counsel received copies of the request for documents and interrogatories that had been served on plaintiffs more than two years before.
 
 
 4
 The first paragraph of each set of interrogatories asked the plaintiff to respond "under oath ... as required by the Federal Rules of Civil Procedure." At some point prior to June 15, 1986, defendant was served with plaintiff Mayle's answers to the interrogatories and with documents from Mr. Mayle. Contrary to the instruction in the first paragraph, and contrary to Rule 33(a), Fed.R.Civ.P., Mr. Mayle did not answer the interrogatories under oath. The June 15 deadline came and went without any response at all from plaintiff Jenkins.
 
 
 5
 On April 17, 1987, after an abortive "final pretrial conference" at which neither the plaintiffs nor their counsel appeared, the defendant moved for dismissal of the action pursuant to Rule 37(d), Fed.R.Civ.P. Under Rule 4.0.2 of the district court's local rules, any brief in opposition to the motion was due within 20 days from the date of service of the motion. The plaintiffs made no timely filing in opposition to the motion to dismiss, notwithstanding that Rule 4.0.2 gives notice that "[f]ailure to file a memorandum contra may be cause for the Court to grant the motion as filed."
 
 
 6
 On May 15, 1987, observing that the plaintiffs' failure to respond constituted cause for granting defendant's motion under Local Rule 4.0.2, the district court granted the motion to dismiss. As to the merits of the motion, the court stated:
 
 
 7
 "Although plaintiffs' failure to respond to defendant's motion leaves the Court in the position of having to speculate as to any legitimate, good faith excuse which the plaintiffs might have offered, it does not appear from this record that plaintiffs could offer any legitimate reason for their repeated failure to answer the interrogatories and/or comply with the document request. Plaintiffs originally received the discovery requests well over three years ago. The discovery requests were repeatedly discussed at status conferences held in this action. In addition, plaintiffs were specifically advised that all discovery was to be completed by June 15, 1986. Furthermore, plaintiffs' failure to respond to the motion presently before the Court is yet another example of plaintiffs' failure to comply with the applicable Rules."
 
 
 8
 "On the basis of this record, the Court believes that plaintiffs' conduct demonstrates both fault and bad faith. Furthermore, the Court can only characterize plaintiffs' repeated failure to comply as 'willful' because plaintiffs were repeatedly put on notice that they had failed to comply with the Federal Rules of Civil Procedure."
 
 
 9
 On May 22, 1987, the plaintiffs moved to have the judgment vacated and set aside "on the grounds of excusable neglect and inadvertence." (The motion cited no specific provision of the Federal Rules, but Rule 60(b)(1) authorizes district courts to grant relief from final judgments, on motion, for reasons that include "excusable neglect.") Attached to the plaintiffs' motion was an affidavit executed by one James Watson. Mr. Watson's competence as a witness is not made clear in the affidavit. Perhaps he was an employee or associate of one of plaintiffs' lawyers. In any event, Mr. Watson's affidavit says among other things that
 
 
 10
 "there was difficulty in receiving the requested response from Plaintiff, Bruce Jenkins. Mr. Jenkins indicated that he complied with the request to answer interrogatories and production of documents immediately. After months of searching my office and checking with the U.S. postal service, it was discovered that the requested discovery from Mr. Jenkins had inadvertently been misplaced in another file in my office. Upon finding the requested discovery, it was immediately sent to the Defendant's counsel."
 
 
 11
 A memorandum accompanying the plaintiffs' motion argued that plaintiff Mayle's responses were served before June 15, and that by waiting some months before pointing out that they were not properly sworn the defendant had waived any objection to the defect. In any event, the plaintiffs argued, there was not a total failure to respond on Mr. Mayle's part. As to plaintiff Jenkins, the memorandum represented that Mr. Jenkins' response to the interrogatories had been sent to the defendant on April 29, 1987.
 
 
 12
 The defendant filed a memorandum in opposition to the plaintiffs' motion to vacate, arguing that there had been no showing that the plaintiffs' neglect was "excusable" within the meaning of Rule 60(b)(1), Fed.R.Civ.P.
 
 
 13
 On June 15, 1987--before the district court had ruled on the plaintiffs' motion to vacate--the plaintiffs filed a notice of appeal from the order of dismissal. The district court thereafter denied the motion to vacate, holding that the filing of the notice of appeal deprived the court of jurisdiction to grant such relief. The court added that it did "not believe that plaintiffs have established either excusable neglect or inadvertence which might warrant setting aside the judgment entered on May 15, 1987. Rather, the Court finds that this case was properly dismissed due to plaintiffs' willfulness, bad faith, and fault."
 
 II.
 
 14
 The plaintiffs' motion to vacate having been filed within ten days after entry of the judgment, it would have been within the district court's discretion to treat the motion as a Rule 59(e) motion to alter or amend the judgment. Smith v. Hudson, 600 F.2d 60, 62 (6th Cir.), cert. denied 444 U.S. 986 (1979); Huff v. Metropolitian Life Insurance Company, 675 F.2d 119, 122 (6th Cir.1982). See Notes of the Advisory Committee on Appellate Rules to the 1979 Amendment to Rule 4(a)(4), Fed.R.App.P. Had the district court elected so to categorize the motion, the time for appeal would not have begun to run until entry of the order disposing of the motion, and the court would have had jurisdiction to amend the judgment had it chosen to do so. It might have been preferable, arguably, for the court to treat the motion as having been filed under Rule 59(e), but we are not willing to hold that the court abused its discretion in declining to convert the motion into something other than what the moving parties evidently intended it to be.
 
 
 15
 Neither are we willing to hold, under the circumstances of this case, that the district court erred in dismissing the plaintiffs' case under Local Rule 4.0.2 for failure to oppose the defendant's Rule 37(d) motion to dismiss.
 
 
 16
 "The power to dismiss for failure to prosecute, which may be exercised with or without notice or opportunity to be heard, rests in the discretion of the trial court and is part of its inherent authority to prevent undue delays in the disposition of pending cases and to avoid congestion in its docket. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962). Local rules are promulgated to facilitate the court's acquistion of the materials necessary for the efficient processing of the matters on its docket. A district court has the authority to provide for the ultimate sanction of dismissal for noncompliance with local court rules. Smith v. Delanschlager, No. 87-1552 (3d Cir. Mar. 8, 1988); Hall v. C.I.R., (Dept. of Treasury), 805 F.2d 1511 (11th Cir.1986). Dismissal for failure to prosecute is reviewable only for an abuse of discretion. Sauers v. Commissioner of Internal Revenue, 771 F.2d 64 (3d Cir.1985), cert. denied --- U.S. ----, 106 S.Ct. 2286 (1986)."
 
 
 17
 Hewlett v. Davis, 844 F.2d 109, 114 (3d Cir.1988).
 
 
 18
 The plaintiffs' counsel argues in his brief that he was "out of the country on business and was not afforded an opportunity to answer the respondent's [Rule 37(d) ] motion," but no such excuse was tendered to the district court. Moreover, the record shows that, out of the country or not, plaintiffs' counsel managed to have plaintiff Jenkins' responses to the interrogatories sent to defendant's counsel within 20 days of the filing of the motion to dismiss. There is no reason to suppose that it would have been impossible to oppose the motion at the same time, or obtain an extension of time for doing so. Viewing the record as a whole, we cannot say that the district court abused its discretion in dismissing the action.
 
 
 19
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable James D. Todd, District Judge, United States District Court for the Western District of Tennessee, sitting by designation