844 F.2d 109
 HEWLETT, Willie, Appellant in No. 87-1384,
v.
DAVIS, Officer Max, Badge # 1186 and City of Philadelphia
and Holmes, Marlene Davis, Executrix of the Estate of Davis,
Max, and in her capacity as Personal Representative of the
Estate of Davis, Max and Davis, Fannie, Personal
Representative of Davis, Max, Deceased and Doe, John and/or
Doe, Mary, Administrator/Administratrix, Executor, Executrix
of the Estate of Davis, Max, and in their capacity as
personal representative of the Estate of Davis, Max.
HEWLETT, Willie,
v.
DAVIS, Officer Max, Badge # 1186 and City of Philadelphia
and Holmes, Marlene Davis, Executrix of the Estate of Davis,
Max, and in her capacity as Personal Representative of the
Estate of Davis, Max and Davis, Fannie, Personal
Representative of Davis, Max, Deceased and Doe, John and/or
Doe, Mary, Administrator/Administratrix, Executor, Executrix
of the Estate of Davis, Max, and in their capacity as
personal representative of the Estate of Davis, Max.
Appeal of Officer Max DAVIS and the City of Philadelphia, in
 No. 87-1398.
 Nos. 87-1384, 87-1398.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
Feb. 3, 1988.
Decided April 6, 1988.
 
 Stephen T. Saltz, Daniels, Saltz & Associates, Ltd., Philadelphia, Pa., for appellant Willie Hewlett.
 Barbara R. Axelrod, City Solicitor's Office, City of Philadelphia, Law Dept., Philadelphia, Pa., for appellee City of Philadelphia.
 Before SLOVITER, STAPLETON and MANSMANN, Circuit Judges.
 OPINION OF THE COURT
 MANSMANN, Circuit Judge.
 
 
 1
 Plaintiff Willie Hewlett and defendant City of Philadelphia have filed cross-appeals from a final judgment entered as the result of a jury verdict for the defendant City of Philadelphia in this civil action by Hewlett against the City of Philadelphia and a former Philadelphia police officer. Hewlett alleged violations of his civil rights under 42 U.S.C. Sec. 1983 and pendent state claims for intentional torts allegedly committed during his arrest.
 
 
 2
 We find no abuse of discretion, as asserted by the appellant, in the district court's choice of monetary sanctions instead of default judgment for the City's failure to comply with a discovery order. Nor do we find an abuse of discretion in the district court's dismissal, for failure to prosecute, of certain of the plaintiff's post-trial motions. As to the City's cross-appeal, we find no error in the district court's permitting additional discovery in connection with the resolution of post-trial motions. We will affirm the order of the district court as to these matters.
 
 
 3
 We will, however, employ mandamus to require the district court to entertain a motion, which was improperly remanded to state court. The motion asserted the inadequacy of the district court's instructions to the jury on a pendent state law claim.
 
 I.
 
 4
 This action was filed on May 23, 1986 in the Philadelphia Court of Common Pleas and was removed to federal court by the City on June 20, 1986. Discovery commenced and in February of 1987, several discovery disputes arose.
 
 
 5
 On February 17, 1987 the plaintiff filed "Plaintiff's Motion for Sanctions for Failure of Defendant, City of Philadelphia, to Answer Plaintiff's Interrogatories, Supplemental Interrogatories and Request for Production of Documents and to Produce Witnesses for Duly Scheduled Depositions" ("Motion for Order Compelling Discovery") citing the City's failure to respond to numerous discovery matters.[1] On February 20, 1987, the district court ordered the City to respond to the outstanding requests by February 24, 1987 or have judgment entered against it.
 
 
 6
 On February 27, 1987 the plaintiff filed "Plaintiff's Motion to Have Judgment Entered in Favor of Plaintiff on the Issue of Liability" ("Motion for Judgment") to sanction the City's assertedly untimely answer to the plaintiff's Amended Complaint as well as the City's alleged failure to comply fully with the discovery order of February 20, 1987.
 
 
 7
 Trial commenced on March 2, 1987 on the issue of liability only and on March 6, 1987, the district court entered judgment on a jury verdict of liability against Officer Davis but in favor of the City of Philadelphia.
 
 
 8
 On March 10, 1987 the plaintiff filed deposition subpoenas against the City. On March 16, 1987, the City moved for a protective order for three of the five subpoenaed witnesses and "any other City employee." The district court did not rule on the City's motion but ordered that two of the witnesses whose affidavits had been filed previously, Sergeant Jack Kelley and Officer Dennis Gibson, be deposed.
 
 
 9
 On March 13, 1987, the plaintiff filed a Motion for Judgment N.O.V., a Motion for a New Trial, and a "Motion to Mold the Verdict," alleging inter alia that the jury was presented only with the Sec. 1983 claim and not the pendent state law agency claim.
 
 
 10
 On March 18, 1987 the plaintiff filed "Plaintiff's Supplemental Motion Requesting This Honorable Court Enter Judgment In Favor of Plaintiff and Against the City of Philadelphia" ("Supplemental Motion for Judgment"). This motion incorporated many of the claims of the first Motion for Judgment. It also asserted that Officer Gibson's affidavit, filed by the City on March 5, 1987, was misleading regarding the availability of certain requested statistics concerning assaults or injuries by police officers during arrests. In addition, the motion asserted that the City's failure to comply fully and timely with the discovery order of February 20th substantially prejudiced the plaintiff in establishing his claim against the City under Sec. 1983 as well as under the state law agency theory. The motion reiterated the claim that the district court had neglected to instruct the jury on the plaintiff's pendent theory of state law agency. It asserted that the jury verdict, therefore, exonerated the City only as to the plaintiff's claim pursuant to 42 U.S.C. Sec. 1983. The plaintiff requested that the court enter judgment against the City on the pendent state claim in order to sanction its alleged dereliction with regard to the discovery order.
 
 
 11
 On March 20, 1987, the plaintiff filed "Plaintiff's Motion for Sanctions" ("Motion for Sanctions") which substantially reiterated the claims in the Motion to Compel Discovery and, in addition, cited the City's original refusal to comply with the March 9th deposition subpoenas and claimed that the City's motion for a protective order was untimely. The motion further asserted that the City had failed to file a timely answer to the plaintiff's amended complaint and had filed a nonresponsive answer to the Complaint. The motion requested that the court enter judgment against the City and award attorney's fees and costs.
 
 
 12
 By opinion and order of April 2, 1987, the district court scheduled oral argument on the plaintiff's Motion for Sanctions and on the City's Motion for a Protective Order. In addition, the court denied the plaintiff's Motion to Mold the Verdict, finding that the plaintiff had not made a timely objection to the asserted failure to charge on the pendent state law agency claim.
 
 
 13
 On April 7, 1987, the district court entered judgment on the jury verdict of damages against Officer Davis. On the same date, new deposition subpoenas returnable on April 13, 1987 were issued to Officers Kelly and Gibson, the two formerly subpoenaed witnesses who were not subjects of the City's prior motion for a protective order.
 
 
 14
 On April 14, 1987, the plaintiff filed another Motion for Sanctions ("Second Motion for Sanctions"), incorporating the allegations of the first motion and asserting in addition that the officers had not yet presented themselves for deposition. The officers were deposed on April 16, 1987.
 
 
 15
 By Order of May 1, 1987, the district court took all outstanding motions under advisement, including the plaintiff's Motion to Mold the Verdict which had been the subject of the April 7th opinion and order.
 
 
 16
 On June 3, 1987, the district court granted the plaintiff's Motion for Sanctions against the City for failure to comply fully with the discovery requests of November 14, 1986 and January 12, 1987. The court awarded the plaintiff $2,500 in monetary sanctions as well as attorney's fees incurred in litigating the sanction issue. The court also denied as moot the City's Motion for a Protective Order.
 
 
 17
 By the same Opinion and Order of June 3, 1987 the district court denied the plaintiff's Motion for Judgment and Supplemental Motion for Judgment and dismissed both the plaintiff's Motion for J.N.O.V. and Motion for a New Trial for lack of prosecution. The court also again denied the plaintiff's Motion to Mold the Verdict as to the City of Philadelphia but ordered that "this portion of the case is REMANDED to the Court of Common Pleas of Philadelphia County where plaintiff may file a similar motion."
 
 
 18
 The plaintiff now appeals from the denial of both the Motion for Judgment and the Supplemental Motion for Judgment and from the dismissal of the Motion for a New Trial.
 
 
 19
 The defendant City cross-appeals from the order remanding to the Pennsylvania state court the issues raised by the plaintiff's Motion to Mold the Verdict as to the City of Philadelphia. The City also asserts that the district court erred in permitting discovery after the jury rendered a verdict in its favor.
 
 
 20
 The district court has subject matter jurisdiction pursuant to 42 U.S.C. Sec. 1983. We have appellate jurisdiction under 28 U.S.C. Sec. 1291.
 
 II.
 
 21
 We consider first whether the district court abused its discretion by refusing to enter a default judgment against the City, as permitted by Rule 37(b)(2) of the Federal Rules of Civil Procedure, to sanction the City's failure to comply with a discovery order. The district court considered together the plaintiff's motions for sanctions and for default judgment and determined to award monetary sanctions and deny judgment.
 
 
 22
 Rule 37(b)(2) offers a wide range of sanctions for noncompliance with an order to compel discovery. The choice of the appropriate sanction is committed to the sound discretion of the district court. Mangano v. American Radiator and Standard Sanitary Corp., 438 F.2d 1187 (3d Cir.1971). The question is not whether this court would, as an original matter, have chosen a harsher sanction; it is whether the district court abused its discretion in not doing so. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).
 
 
 23
 Sound judicial policy favors disposition of cases on their merits rather than on procedural defaults. We have consistently emphasized the extreme nature of a dismissal with prejudice or default judgment. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 867 (3d Cir.1984). These must be sanctions of last, not first, resort. Id. at 869. Therefore our review of the district court's discretionary choice of a lesser sanction than default judgment will be very deferential.
 
 
 24
 The same considerations bearing upon the other discovery orders which allegedly interfered with a party's ability to obtain evidence are relevant to this situation. Even if a discovery order was arbitrary and unreasonable, an appellate court will not disturb the ruling absent a showing of actual and substantial prejudice. Rad Services, Inc. v. Aetna Casualty & Surety Co., 808 F.2d 271 (3d Cir.1986); In re Fine Paper Antitrust Litigation, 685 F.2d 810, 818 (3d Cir.1982), cert. denied, 459 U.S. 1156, 103 S.Ct. 801, 74 L.Ed.2d 1003 (1983).
 
 
 25
 The Court of Appeals will not interfere with the discretion of the district court by overturning a discovery order absent a demonstration that the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible. In re Fine Paper Antitrust Litigation, 685 F.2d at 818.
 
 
 26
 Hewlett argued in support of his motions for judgment, and now argues here, that he was severely prejudiced by the City's failure to comply fully with the discovery order of February 20, 1987. He argues that the plaintiff's noncompliance precluded him from discovering whether the City had a policy of condoning violations of civil rights by arresting officers or had adopted or ratified this particular violation.
 
 
 27
 The plaintiff has not met his burden to show that he was deprived of critical evidence. The plaintiff does not argue that he was ever able to make even a colorable prima facie showing to support his asserted right to discovery on his claims against the City. See Mid-South Grizzlies v. National Football League, 720 F.2d 772, 780 (3d Cir.1983), cert. denied, 467 U.S. 1215, 104 S.Ct. 2657, 81 L.Ed.2d 364 (1984). Nevertheless the district court granted further discovery in support of the plaintiff's motion for sanctions, and the plaintiff deposed Officers Kelly and Gibson. Despite the depositions the plaintiff admits that he is still unable to prove precisely how he was prejudiced by the City's partial failure to respond. In light of the conjectural nature of the plaintiff's contentions as to the possibility of establishing these claims, we find little reason to suppose that the plaintiff's failure to prove his case against the City was caused by the insufficiency of the City's response to discovery requests. An additional consideration is the fact that the district court found neither willfulness nor bad faith in the City's partial failure to comply with the discovery order.
 
 
 28
 The district court, in light of its substantial familiarity with the proceedings, chose a sanction for the City's partial failure to comply with the discovery order. We do not condone the City's laxity in complying with the applicable discovery rules and procedures. We expect that a party in its position would be more, rather than less, diligent in fulfilling its responsibilities as a litigant.[2] Nonetheless, the plaintiff has failed to establish such extreme prejudice as to cause us to interfere with the district court's considerable discretion in refusing to order so severe a sanction as default judgment. Therefore we will affirm the district court's denial of the plaintiff's Motion for Judgment and Supplemental Motion for Judgment.
 
 III.
 
 29
 We turn now to the question of whether the district court erred in dismissing the plaintiff's motion for a new trial for lack of prosecution in accordance with the mandate of Rule 20(e) of the Local Rules of the United States District Court for the Eastern District of Pennsylvania because the plaintiff provided the court with only a partial transcript of the trial.
 
 Local Rule 20(e) provides:
 
 30
 (e) Within ten (10) days after filing any post-trial motion, the movant shall either (a) order a transcript of the trial by a writing delivered to the Court Reporter Coordinator, or (b) file a verified motion showing good cause to be excused from this requirement. Unless a transcript is thus ordered, or the movant excused from obtaining a transcript, the post-trial motion must be dismissed for a lack of prosecution.
 
 
 31
 (Emphasis added.)
 
 
 32
 The defendant City urges that there was no abuse of discretion in the district court's dismissal of the new trial motion because the judge was complying with a mandatory local rule the legitimacy of which has not been challenged here.
 
 
 33
 The power to dismiss for failure to prosecute, which may be exercised with or without notice or opportunity to be heard, rests in the discretion of the trial court and is part of its inherent authority to prevent undue delays in the disposition of pending cases and to avoid congestion in its docket. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Local rules are promulgated to facilitate the court's acquisition of the materials necessary for the efficient processing of the matters on its docket. A district court has the authority to provide for the ultimate sanction of dismissal for noncompliance with local court rules. Smith v. Oelenschlager, 845 F.2d 1182 (3d Cir. 1988); Hall v. C.I.R. (Dept. of Treasury ), 805 F.2d 1511 (11th Cir.1986). Dismissal for failure to prosecute is reviewable only for an abuse of discretion. Sauers v. Commissioner of Internal Revenue, 771 F.2d 64 (3d Cir.1985), cert. denied, 476 U.S. 1162, 106 S.Ct. 2286, 90 L.Ed.2d 727 (1986).
 
 
 34
 We disagree with the plaintiff's suggestion that the court abused its discretion in failing to cull enough information from the partial transcript to decide at least the jury instruction claim. "It is the duty of the court in submitting a case to the jury, to confine its instructions to the issues raised by the pleadings and supported by proof." Bethel v. Thornbrough, 311 F.2d 201 (10th Cir.1962); see also Atkinson v. Roth, 297 F.2d 570 (3d Cir.1961). Thus the court requires more than the transcript of its instructions, since it must review the evidence in support of the theory to determine whether the movant was entitled to the claimed instruction.
 
 
 35
 The movant is responsible for assuring the completeness of the record. Here the district court arrived at the time for disposition of these post-verdict motions lacking necessary materials and having had no notice, by motion or otherwise, that the plaintiff wished to be excused from ordering the entire transcript or even that the plaintiff wished to rely on only one claimed error in support of his motion for a new trial.
 
 
 36
 We find no abuse of discretion in the district court's refusal to tolerate further delay by excusing the plaintiff's failure to comply with the local rule. Therefore we will affirm the district court's dismissal of the plaintiff's motion for a new trial in accordance with local rule 20(e).[3]
 
 IV.
 
 37
 We now review the City's claim that the district court erred in permitting the plaintiff to serve deposition subpoenas and other discovery requests after a favorable jury verdict had been rendered on behalf of the defendant City.
 
 
 38
 This issue need not detain us long. The Discovery provisions of the Federal Rules of Civil Procedure are not technically applicable to post-trial procedures. However, the court has discretion to order discovery in post-trial matters and may direct that the procedures of the rules be used. Harris v. Nelson, 394 U.S. 286, 299, 89 S.Ct. 1082, 1090, 22 L.Ed.2d 281 (1969).
 
 
 39
 We find no abuse of discretion in permitting discovery relevant to the resolution of motions still pending before the court.
 
 V.
 
 40
 Finally we address the City's claim on cross-appeal that the district court erred in remanding the plaintiff's pendent state law agency claim to state court.[4]
 
 
 41
 Because a remand for further proceedings does not represent a final judgment, we do not have jurisdiction pursuant to 28 U.S.C. Sec. 1291 to entertain the City's appeal. Nor is this a remand of a civil rights action which we are permitted to review pursuant to 28 U.S.C. Sec. 1447(d).[5] However, because the district court has remanded a portion of the case to the state court on grounds not authorized by 28 U.S.C. Sec. 1447(c),[6] review of the order of remand itself may be accomplished by writ of mandamus. Thermtron Products v. Hermansdorfer, 423 U.S. 336, 343-44, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976). We will exercise our discretion to treat the cross-appeal as a petition for mandamus, Nascone v. Spudnuts, Inc., 735 F.2d 763 (3d Cir.1984), and we will reverse the order of remand and require the district court to entertain the plaintiff's Motion to Mold the Verdict.
 
 
 42
 In addressing the City's claim that the district court erred in remanding to state court the plaintiff's motion regarding his state law agency claim, we are mindful of the Supreme Court's directive in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), that pendent jurisdiction should normally be relinquished when the federal claim is dismissed before trial. Also, in the absence of extraordinary circumstances, state claims should be dismissed without prejudice when the federal claims are decided on summary judgment. Tully v. Mott Supermarkets, Inc., 540 F.2d 187 (3d Cir.1976). We have permitted the transfer of claims to state court pursuant to 42 Pa.C.S.A. Sec. 5103, a Pennsylvania statute which bestows upon a litigant the right to transfer to state court an action inadvertently wrongly filed in federal court. Weaver v. Marine Bank, 683 F.2d 744 (3d Cir.1982).
 
 
 43
 Recognizing that the removal statute does not address specifically a district court's power to dispose of pendent state law claims after removal, the Supreme Court has recently determined that, under the doctrine of pendent jurisdiction, remand to state court is a permissible alternative to dismissal when all federal law claims have dropped out of the action and no independent basis of federal jurisdiction exists over the pendent state law claims which remain. Carnegie Mellon University v. Cohill, --- U.S. ----, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). In informing its discretion to remand, the district court is to consider whether remand best serves the principles underlying the doctrine of pendent jurisdiction--judicial economy, procedural convenience, fairness to litigants, and comity to the states. Id.
 
 
 44
 With this in mind we turn to the district court's remand of the plaintiff's Motion to Mold the Verdict. The motion asserts that all of the credible evidence supported a finding of the City's liability based on principles of agency and requests that the court enter judgment against the City of Philadelphia based on the pendent state law claim. During argument on his motion, the plaintiff requested in the alternative that the district court remand to state court the claim against the City.
 
 
 45
 The remand order we review is not one simply remanding state law claims to a state court after all federal claims have dropped out of the action. The order remands for consideration by the state court a motion predicated on assertions of trial error--a motion which requests amendment, indeed reversal, of the substance of the federal court jury verdict, not merely technical amendment of its form. Proper disposition of this motion requires the determination of whether the court instructed the jury as to a state claim properly raised; if not, whether the failure to do so was in error. It appears that by remanding the motion the district judge meant to leave it to the state court to review the propriety of his jury charge.
 
 
 46
 The appellant argues that we should interpret the attempted remand to be a determination that the jury was not instructed on the issue, that the state law claim thus remained unadjudicated, and that the district court was simply remanding the pendent claim because the federal claim had already been disposed of.
 
 
 47
 We decline to accept this suggestion. When there has been a summary disposition of all federal claims, the policies guiding the exercise or relinquishment of pendent jurisdiction no longer support the district court's retention, for trial on the merits, of claims over which it would have had no jurisdiction but for the existence of the federal claim. However, when the district court has conducted a full trial, and has before it all of the evidence on both federal and pendent claims, considerations of judicial economy, convenience, fairness and comity counsel retention of any pendent claim requiring further proceedings.
 
 
 48
 We find no indication that the district court's remand in this case was prompted by any of these factors. Nor do we find any indication that the district court considered whether the plaintiff was denied an instruction to which he may have been entitled on the theory of respondeat superior.
 
 
 49
 It is the duty of the trial court to instruct the jury only on issues raised by the pleadings, supported by the evidence, Atkinson v. Roth, 297 F.2d 570 (3d Cir.1961), and brought to the court's attention by a timely request in the terms required by Fed.R.Civ.P. 51. Mazer v. Lipschutz, 327 F.2d 42 (3d Cir.1963). The district court specifically stated, without any discussion of these factors, that the jury instructions were correct and adequate but that it was remanding "in an abundance of caution." The equivocation evidenced by this attempted disposition requires that, in the interest of justice, we reverse the remand order of the district court and require the district court to give full consideration to this motion.[7]VI.
 
 
 50
 In accordance with the foregoing, we will affirm in part and reverse in part the district court's order of June 3, 1987. We will remand to the district court with instructions to vacate its remand to state court and to entertain plaintiff's Motion to Mold the Verdict as to the City of Philadelphia.
 
 
 
 [1]
 The plaintiff complained of the City's inadequate response to (1) interrogatories dated November 14, 1986; (2) items 1(r) and 1(t) of a notice of deposition dated November 14, 1986; (3) supplemental interrogatories dated January 12, 1987; and (4) a request for production of documents dated January 12, 1987
 
 
 [2]
 We emphatically reject the City's suggestion that the discovery rules are designed "to enable a defendant to elicit the basis for plaintiff's allegations," Appellee's Brief at 20, and not to permit a plaintiff to prove its case through the defendant's records. We expected that the decision in Hickman v. Taylor, 336 U.S. 921, 69 S.Ct. 636, 93 L.Ed. 1083 (1949), would have put an end to such a misconception of the purposes of the discovery rules
 
 
 [3]
 This procedural default does not necessarily preclude appellate review of the question of whether the jury was properly instructed. Local rule 20(e) provides for dismissal only of the motion and not of the action. Objections to rulings made at trial are ripe for review upon appeal from a final order whether or not they are raised on motion for a new trial. Trout v. Pennsylvania R. Co., 300 F.2d 826 (3d Cir.1962). A timely filed post-verdict motion extends the time for appeal, which commences to run upon disposition of the motion. Fed.R.App.P. 4(a); Fairview Park Excavating Co., Inc. v. Al Monzo Const. Co. Inc., 560 F.2d 1122 (3d Cir.1977). Most important, such an appeal may include any issue properly raised and preserved at the trial level. Nevertheless, the plaintiff makes no arguments on appeal regarding his entitlement to a new trial. He requests in relief only that we vacate the district court's dismissal of the motion for a new trial and remand for briefing and argument before the district court
 
 
 [4]
 The district court remanded to state court the plaintiff's Motion to Mold the Verdict which alleged inter alia that the federal jury had not been instructed as to the state law claim
 
 
 [5]
 Section 1447(d) provides in pertinent part that "an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise." Section 1443 provides generally for removal of civil rights actions
 
 
 [6]
 Section 1447(c) permits the remand of a case removed from a state court "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction." No one argues that the removal statute authorizes the remand we review here
 
 
 [7]
 In discussing the dismissal of Hewlett's motions for judgment n.o.v. and for a new trial, the district court noted that the portion of the transcript before it "only cover[ed] the plaintiff's motion to mold the verdict against the City." We trust that this statement would not preclude the district court from directing the plaintiff to provide any additional portions of the transcript necessary to the court's resolution of the merits of this motion