

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2004

# Angelico v. Lehigh Valley Hosp

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2585

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Angelico v. Lehigh Valley Hosp" (2004). *2004 Decisions.* Paper 1100.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1100

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 01-2585, 01-2930
_____


RICHARD J. ANGELICO, M.D.,

Appellant


v.


LEHIGH VALLEY HOSPITAL, INC.; SAINT LUKE'S
HOSPITAL OF BETHLEHEM PENNSYLVANIA; EASTON
HOSPITAL; PANEBIANCO-YIP HEART SURGEONS;
BETHLEHEM CARDIOTHORACIC SURGICAL ASSOCIATES, P.C.;
BRIAN M. PETERS, ESQ.; POST & SCHELL, P.C.;
DECHERT, PRICE & RHOADS; JEFFREY G. WEIL


_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 96-cv-02861)
District Judge:  The Honorable J. Curtis Joyner


_____


Submitted Under Third Circuit LAR 34.1(a)
October 28, 2003

(Filed : January 12, 2004 )

_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Dr. Richard Angelico, a cardiothoracic surgeon who was denied access to surgical facilities in his area, sued several hospitals, surgical groups, and various others for antitrust and § 1983 violations, *inter alia*. A jury found for the Defendants on all counts, and the District Court rejected Angelico's motion to alter the judgment or grant a new trial. The District Court also quashed a post-verdict subpoena and ruled that Defendant Lehigh Valley Hospital was entitled to immunity. On this appeal, we will refuse to disturb the judgment entered upon the jury's verdict. We also will affirm the District Court's exercises of discretion on the admissibility of evidence, mode of trial, scope of discovery, and availability of immunity.

## I. FACTS AND PROCEDURAL HISTORY

Because the facts are known to the parties, we review them only briefly and only as they relate to the remaining Defendants, the Appellees before this Court, Lehigh

2

Valley Hospital, Inc., St. Luke's Hospital of Bethlehem, Pennsylvania, and Easton Hospital (collectively, "the Hospitals").[1]

Dr. Angelico is a cardiothoracic surgeon practicing in the Lehigh Valley area of Pennsylvania. Over the years, Angelico enjoyed privileges in the operating rooms of several of the Hospitals. Angelico alleges that in 1994 he was denied privileges at each of the Hospitals despite being a well-renowned surgeon.

The District Court granted summary judgment for the Defendants on Angelico's antitrust claims, stating that he lacked standing. This court reversed. *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 275 (3d Cir. 1999). The case proceeded to trial in February and March 2001, at the conclusion of which the jury found for the Defendants on all counts. The District Court rejected Angelico's request for amendment of the judgment or, alternatively, for a new trial.

Two issues lingered after the trial was complete and the District Court had entered judgment for the Defendants. The District Court found that Lehigh Valley Hospital was immune from liability for proceedings it conducted regarding Angelico. The Court also quashed a post-verdict subpoena that sought documents previously withheld from Angelico.

---

1.     Defendants Panebianco-Yip Heart Surgeons, Bethlehem Cardiothoracic Surgical Associates, PC, Brian M. Peters, and Post & Schell, PC are no longer in this suit.

At trial, Angelico was represented by counsel, but in this appeal he proceeds *pro se*. We have jurisdiction under 28 U.S.C. § 1291.

## II. DISCUSSION

A.        Jury Verdict

Angelico alleges that the jury's verdict as to (1) breach of contract by Lehigh Valley Hospital and St. Luke's Hospital, and (2) exclusive dealing by Lehigh Valley Hospital was against the weight of the evidence. It is axiomatic that this Court should afford great deference to jury decisions. *Herman v. Hess Oil Virgin Islands Corp.*, 524 F.2d 767, 771 (3d Cir. 1975) ("Given our standard of review of jury verdicts and the right of a defendant to a jury trial, we should not lightly reverse a jury verdict which has absolved a defendant of liability."). Unless the record shows a miscarriage of justice or the verdict cries out to be overturned or shocks our conscience, the District Court should sustain a jury verdict. *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 366 (3d Cir. 1999) (internal citations omitted). This Court reviews the District Court's decision on a motion to overturn a jury verdict for abuse of discretion. *Id.* at 365. Under this very strict standard, as there was ample evidence in favor of the Hospitals, we do not have occasion to overturn the jury's verdict or the District Court's order pursuant to it.

B.        Admissibility of Evidence

Angelico argues the District Court acted improperly during trial by preventing him from introducing certain statements as evidence. Our standard of review

4

over the District Court's determinations on admissibility of evidence is abuse of discretion. *Honeywell, Inc. v. Am. Standards Testing Bureau, Inc.,* 851 F.2d 652, 656 (3d Cir. 1988). Angelico asserts that the statements he sought to introduce satisfy an exception to the hearsay rule of the Federal Rules of Evidence. We are not persuaded, however, that the District Court abused its discretion in precluding Angelico from introducing the statements.

C.        Mode of Trial

Angelico alleges the District Court held him to an "improper, disparate, and prejudicial standard" by making a statement to the jury that indicated he was not paying attention at trial and by cautioning Angelico and some of Angelico's witnesses that they should be responsive to questions asked. On a search of the record, we find nothing that compels us to believe the District Court committed error by making comments to the jury or to Angelico and his witnesses. "The trial judge's role is to preside over the trial; passively if possible but aggressively when indicated." *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 788 (3d Cir. 1996); *see also* Fed. R. Evid. 611(a). The District Court acted within these boundaries.

D.        Post-Verdict Discovery

Angelico contends the District Court improperly quashed a post-verdict subpoena for information from a non-party. We affirm the District Court's order under an abuse of discretion review. *See Brumfield v. Sanders,* 232 F.3d 376, 380 (3d Cir.

2000) (noting that the standard of review for scope or opportunity for discovery is abuse of discretion). It seems entirely reasonable, and in fact preferable, for the District Court to cut off discovery once a jury has returned a verdict. Angelico is correct that this Court affirmed a District Court's allowance of post-verdict discovery where such discovery was relevant to matters still pending before the court. *Hewlett v. Davis*, 844 F.2d 109, 115 (3d Cir. 1988). Unlike *Hewlett*, however, the only remaining issue before the District Court when Angelico sought additional discovery was unrelated to his discovery request.

Additionally, Angelico posits that the quashing of the subpoena was inappropriate because the party challenging the subpoena had no standing to do so. We disagree. We will thus affirm the District Court's order denying post-verdict discovery.

E.        Immunity

The District Court found that Lehigh Valley Hospital was immune for proceedings it conducted regarding Angelico.

The Health Care Quality Improvement Act of 1986 ("HCQIA") provides immunity for professional review boards acting in a disciplinary capacity, so long as four requirements are met. 42 U.S.C. §§ 11111-11112. The action must be taken: (1) in reasonable belief of furthering quality health care; (2) after reasonable fact-finding; (3) with adequate notice and a hearing; and (4) in reasonable belief the action is warranted based on the facts. 42 U.S.C. § 11112(a); *see also Mathews v. Lancaster Gen. Hosp.*, 87 F.3d 624, 633 n.3 (3d Cir. 1996). We find, as did the District Court, that Angelico failed

to rebut HCQIA's presumption that the Hospital is entitled to immunity. 42 U.S.C. § 11112(a).

### III. CONCLUSION

For the reasons set forth, we will affirm the judgments entered by the District Court.

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard

_____
Circuit Judge