

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2008

# Victory Outreach Ctr v. Melso

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1927

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Victory Outreach Ctr v. Melso" (2008). *2008 Decisions.* Paper 1125.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1125

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1927

_____

VICTORY OUTREACH CENTER
and C. STEPHEN WHITE,
*Appellants*,

vs.

SERGEANT JOSEPH MELSO, OFFICER JASON PARKER,
OFFICER JAMES CULLEN, OFFICER ERIC FREDRICKSDORF,
and ST. JOSEPH'S UNIVERSITY,
*Appellees*.

_____

On Appeal from the United States District Court
For the Easter District of Pennsylvania
(No. 00-CV-5185)
District Judge: Honorable Petrese B. Tucker

_____

Submitted on May 16, 2008

_____

Before: MCKEE, GARTH, *Circuit Judges*, and IRENAS,[*] District Judge.
(Opinion Filed: May 28, 2008)

_____

**OPINION**

_____

_____

[*] Hon. Joseph E. Irenas, Judge, United States District Court for the District of
New Jersey, sitting by designation.

GARTH, *Circuit Judge*:

_____Victory Outreach Center and C. Stephen White ("Plaintiffs" or "Appellants") appeal from the District Court's final order of February 28, 2007, dismissing Plaintiffs' motion for a new trial and motion to extend time based on a failure to order a trial transcript as required under Local Rule 7.1(e) of the District Court for the Eastern District of Pennsylvania. Appellants challenge the sufficiency of evidence, twenty-three of the District Court's jury instructions, exclusion of evidence, and use of leading questions. For the following reasons, we affirm.

## I.

On October 12, 2000, plaintiffs Victory Outreach Center and C. Stephen White ("Plaintiffs") filed a complaint against several Philadelphia police officers – Sergeant Joseph Melso, Officer Jason Parker, Officer James Cullen, Officer Eric Fredricksdorf (Police Defendants") – the City of Philadelphia ("City"), and St. Joseph's University ("SJU"). The complaint alleged that White was arrested for preaching religious messages on three occasions in violation of his rights under the First and Fourth Amendments.

The first incident occurred on July 24, 1999 at a "Greek Picnic," during which thousands of members of fraternities and sororities assemble in Philadelphia every July. At night, the college students gathered on South Street, such that they were "lumped

together like cattle" over a fourteen-block span. A-R at 117. To maintain security and public order, there was a significant police presence assigned to this area. Late that evening, White stood on the sidewalk on South Street and carried a five-foot banner, which proclaimed: "Fornicators and Drunkards will Join Tupac in Hell. Obey Jesus. 1st Corinthians 6:9." Because White was blocking the sidewalk and causing a crowd to gather around him due to his slogans and shouting, Officer Parker told him to keep moving like the rest of the crowd. After White ignored the police officer's request, he was arrested and issued a citation for disorderly conduct. White received a hearing that night, was found guilty, and released. White appealed the conviction and the charges were eventually dismissed.

The second incident occurred the following year on the night of July 9, 2000, also during a Greek Picnic, at around 12:30am. In a part of Philadelphia where fifteen to twenty thousand students had gathered, White again stood on a sidewalk and began to preach and yell various slogans. About 70 people had assembled in front of White, which impeded pedestrian traffic. Sergeant Melso asked White to leave approximately five times but without success. Perceiving a risk to public safety due to an escalating animosity between White and the crowd, Melso arrested White, who was subsequently convicted of a summary offense and released. On appeal, the charges against White were dismissed due to Melso's failure to appear at White's trial, apparently because he did not receive notice of the hearing.

The third incident took place on March 15, 2001 in the afternoon at St. Joseph's University. White's preaching, which included loud screaming and yelling, assembled a crowd of twenty to twenty-five people around him. The gathered crowd blocked the sidewalk and students began walking into traffic. Officer Fredericksdorf, who arrived at the scene, suggested to White that he move to an adjacent parking lot where there was no problem with heavy traffic. Since White refused to move after several requests, Fredericksdorf arrested him on charges of blocking or obstructing a highway or public passageway and issued him a summary citation. At White's subsequent hearing, the charges against him were dismissed due to Fredericksdorf's failure to appear at the hearing, apparently because he did not receive notice of it.

On October 10, 2001, Plaintiffs filed an amended complaint, which the Police Defendants and the City answered. On July 16, 2003, Plaintiffs sought leave to file a second amended complaint, which the District Court denied. On September 8, 2003, Plaintiffs moved for summary judgment; the Police Defendants and the City responded and cross-moved for summary judgment on October 6, 2003. The District Court granted summary judgment to the City on March 22, 2004 and dismissed the City from the case for failure of the Plaintiffs to establish independent municipal liability, but denied summary judgment to Plaintiffs and the Police Defendants.

A jury trial commenced on November 7, 2006 and finished on November 16, 2006. On the fourth day of trial, the District Court granted SJU's motion for directed

-4-

verdict pursuant to Federal Rule of Civil Procedure 50 and dismissed SJU from the case. The District Court also dismissed Plaintiffs' claim of malicious prosecution against the Police Defendants, but denied the remainder of their Rule 50 motion in favor of sending the case to the jury. After three hours of deliberation, the jury returned a verdict in favor of all Police Defendants.

On December 7, 2006, Plaintiffs filed a motion for new trial and SJU moved to strike the motion based on Plaintiffs' failure to order a trial transcript. Pursuant to Local Rule 7.1(e) of the District Court for the Eastern District of Pennsylvania, the District Court granted SJU's motion on February 28, 2007. Plaintiffs filed a timely notice of appeal on March 27, 2007.

## II.

We have jurisdiction under 28 U.S.C. § 1291, which provides appellate jurisdiction from all final decisions of U.S. district courts. The district court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which confers jurisdiction over federal questions.

We review a motion for a new trial for "'abuse of discretion unless the court's denial of the motion is based on application of a legal precept, in which case our review is plenary.'" *Curley v. Klem*, 499 F.3d 199, 206 (3d Cir. 2007) (quoting *Honeywell, Inc. v. American Standards Testing Bureau, Inc.*, 851 F.2d 652, 655 (3d Cir.1988)). We review

jury instructions for abuse of discretion to determine whether they are misleading or inadequate, though we exercise plenary review over whether jury instructions, read as a whole, misstate the law. *Woodson v. Scott Paper Co.*, 109 F.3d 913, 929 (3d Cir. 1996). A district court's refusal to use a proposed jury instruction is reviewed for abuse of discretion. *United States v. Khorozian*, 333 F.3d 498, 507-08 (3d Cir. 2003). Similarly, decisions to admit or exclude evidence are reviewed for abuse of discretion. *Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 412 (3d Cir. 2002). We also review for abuse of discretion a trial court's decision regarding the use of leading questions. *Government of Virgin Islands v. Brathwaite*, 782 F.2d 399, 406 (3d Cir. 1986). "To demonstrate an abuse of discretion, in connection with an evidentiary ruling, a party must show that the District Court's decision was arbitrary, fanciful or clearly unreasonable." *Moyer v. United Dominion Industries, Inc.*, 473 F.3d 532, 542 (3d Cir. 2007) (internal quotation marks omitted).

If a party fails to adequately object to a jury instruction, we review for plain error instructions affecting substantial rights. *Franklin Prescriptions, Inc. v. New York Times Co.*, 424 F.3d 336, 339 (3d Cir. 2005). Thus, we will reverse a trial court's rulings only where a plain error was "fundamental and highly prejudicial, such that the instructions failed to provide the jury with adequate guidance and our refusal to consider the issue would result in a miscarriage of justice." *Id.* at 341.

We have plenary review over a district court's grant of judgment as a matter of

law pursuant to Federal Rule of Civil Procedure 50. "[A] directed verdict is mandated where the facts and law will reasonably support only one conclusion." *McDermott Int'l., Inc. V. Wilander*, 498 U.S. 337, 356 (1991).

### III.

Appellants raise numerous issues with respect to the sufficiency of evidence, twenty-three of the District Court's jury instructions, exclusion of evidence, and use of leading questions.

Since the District Court properly dismissed White's motion for a new trial for lack of prosecution pursuant to Local Rule 7.1(e),[1] Appellants' arguments regarding sufficiency of evidence were waived by procedural default. *Hewlett v. Davis*, 844 F.2d 109, 115, n.3 (3d Cir. 1988). With respect to Appellants' challenges to the jury instructions, all except three of these issues were waived by the Plaintiffs because they were not "properly raised and preserved at the trial level." *Id.* Under Federal Rule of Civil Procedure 51(c)(1), a "party who objects to an instruction or the failure to give an instruction must do so on the record, stating *distinctly* the matter objected to and the grounds for the objection." (emphasis added). Though White raised a general objection

---

[1] Local Rule 7.1(e) provides: "Within fourteen (14) days after filing any post-trial motion, the movant shall either (a) order a transcript of the trial by a writing delivered to the Court Reporter Supervisor, or (b) file a verified motion showing good cause to be excused from this requirement. Unless a transcript is thus ordered, or the movant excused from ordering a transcript, the post-trial motion may be dismissed for lack of prosecution."

to the court's jury instructions and proposed alternative instructions, such acts were insufficient to preserve on appeal all potential challenges to the instructions. *See, e.g., Collins v. Alco Parking Corp.*, 448 F.3d 652, 656 (3d Cir. 2006) ("[M]erely proposing a jury instruction that differs from the charge given is insufficient to preserve an objection."); *Alexander v. Riga*, 208 F.3d 419, 426 (3d Cir. 2000).

The remaining issues preserved on appeal relate to the District Court's instructions regarding First Amendment law, in particular the issue of the so-called "heckler's veto," status of the sidewalk as a public forum, and charge on punitive damages. Based on a comprehensive review of the record, we find no reversible error in the District Court's rulings on these matters. Similarly, we find no error in the District Court's Rule 50 directed verdict in favor of SJU. Turning to Appellants' challenges to the District Court's exclusion of certain evidence and its handling of allegedly leading questions, we find that the District Court did not abuse its discretion in ruling against the Plaintiffs.

**IV.**

For the foregoing reasons, we affirm the District Court's order of February 28, 2007.

_____