NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1108
_____

VI DERIVATIVES, LLC, BY VIFX, LLC, ITS TAX MATTERS PARTNER,
BY RICHARD G. VENTO, ITS TAX MATTERS PARTNER

v.

DIRECTOR OF VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE

UNITED STATES OF AMERICA,
    Intervenor-Defendant-Appellee

(D.C. No. 3-06-cv-00004)

VIFX LLC BY RICHARD G. VENTO ITS TAX MATTER PARTNER

v.

DIRECTOR OF VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE

UNITED STATES OF AMERICA,
    Intervenor-Defendant-Appellee

(D.C. No. 3-06-cv-00005)

GAIL VENTO

v.

DIRECTOR OF VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE

UNITED STATES OF AMERICA,
    Intervenor-Defendant-Appellee

(D.C. No. 3-06-cv-00006)

RICHARD VENTO

v.

DIRECTOR OF VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE

UNITED STATES OF AMERICA,
                    Intervenor-Defendant-Appellee

(D.C. No. 3-06-cv-00007)

RENEE VENTO

v.

DIRECTOR OF VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE

UNITED STATES OF AMERICA,
                    Intervenor-Defendant-Appellee

(D.C. No. 3-06-cv-00008)

NICOLE MOLLISON

v.

DIRECTOR OF VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE

UNITED STATES OF AMERICA,
                    Intervenor-Defendant-Appellee

(D.C. No. 3-06-cv-00009)

LANA VENTO

v.

DIRECTOR OF VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE

UNITED STATES OF AMERICA,
                    Intervenor-Defendant-Appellee

(D.C. No. 3-06-cv-00010)

2

VI DERIVATIVES, LLC, BY VIFX LLC, ITS TAX MATTERS PARTNER, BY RICHARD G. VENTO, ITS TAX MATTERS PARTNER

v.

UNITED STATES OF AMERICA; DIRECTOR OF VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE

(D.C. No. 3-06-cv-00012)

VIFX LLC BY RICHARD G. VENTO ITS TAX MATTER PARTNER

v.

UNITED STATES OF AMERICA

(D.C. No. 3-06-cv-00013)

GAIL VENTO, LLC.

v.

UNITED STATES OF AMERICA

(D.C. No. 3-09-cv-00003)

RENEE VENTO, LLC.

v.

UNITED STATES OF AMERICA

(D.C. No. 3-09-cv-00004)

NICOLE VENTO, LLC.

v.

UNITED STATES OF AMERICA

(D.C. No. 3-09-cv-00005)

VI DERIVATIVES, LLC, BY VIFX, LLC, ITS TAX MATTERS PARTNER,
BY RICHARD G. VENTO, ITS TAX MATTERS PARTNER;
VIFX LLC BY RICHARD G. VENTO ITS TAX MATTER PARTNER;
GAIL VENTO; RICHARD VENTO; RENEE VENTO; NICOLE MOLLISON;
LANA VENTO; VI DERIVATIVES, LLC, BY VIFX LLC, ITS TAX MATTERS
PARTNER, BY RICHARD G. VENTO, ITS TAX MATTERS PARTNER;
VIFX LLC BY RICHARD G. VENTO ITS TAX MATTER PARTNER; GAIL VENTO,
LLC.; RENEE VENTO, LLC.; NICOLE VENTO, LLC.,

Appellants

_____

On Appeal from the District Court of the Virgin Islands
(D.C. Nos. 3-06-cv-00004, 3-06-cv-00005, 3-06-cv-00006, 3-06-cv-00007,
3-06-cv-00008, 3-06-cv-00009,  3-06-cv-00010, 3-06-cv-00012,
3-06-cv-00013, 3-09-cv-00003, 3-09-cv-00004, 3-09-cv-00005)
District Judge:  Honorable Juan R. Sanchez

ARGUED DECEMBER 9, 2013

BEFORE:  FISHER, COWEN, and NYGAARD, *Circuit Judges*

(Filed: March 27, 2014)

Alan R. Feuerstein, Esq. [Argued]
Feuerstein & Smith
475 Delaware Avenue
Buffalo, NY 14202

  *Counsel for Appellants*

Tamara W. Ashford, Esq.
Thomas J. Clark, Esq. [Argued]
Gilbert S. Rothenberg, Esq.
Jennifer M. Rubin, Esq.
United States Department of Justice Tax Division
950 Pennsylvania Avenue, N.W.
P.O. Box 502
Washington, DC 20044

  *Counsel for Appellee, United States of America*

4

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge.*

This appeal arises from the District Court's denial of Appellants' post-trial motions for discovery and an evidentiary hearing following the disclosure of the Government's lead counsel that his bar membership had lapsed prior to his involvement in this case. The District Court's denial of post-trial discovery requests is subject to a review for abuse of discretion. *Hewlett v. Davis,* 844 F.2d 109, 115 (3d Cir. 1988). We will affirm.

As this opinion lacks any precedential value, we write only for the benefit of the parties whose familiarity with the case obviates the need for a recitation of the facts and procedural history. After trial, on November 2, 2012, Stuart Gibson notified the District Court that, while representing the Government as lead counsel in this case, he had an inactive membership status in the Minnesota bar, the only state in which he was licensed to practice law. Subsequently, Appellants sought discovery and an evidentiary hearing on the theory that "all of the actions purportedly taken on behalf of the United States [by Mr. Gibson] were null and void and without legal effect." Appellants now claim error by the District Court, asserting that its denial of their motions improperly relied upon their

failure to show prejudice. They also assert that Gibson's practice of law with an inactive

bar status during this case constitutes a fraud on the court.[1]

In their motions for discovery and an evidentiary hearing, Appellants alleged the

following:

> Many proceedings in this and in other companion cases were
> brought by and defended by Mr. Gibson, including numerous
> motions to quash subpoenas and appellate proceedings that
> challenged lower court rulings. Mr. Gibson also held a
> foreign deposition in the Republic of Singapore, which was
> used by the Court in formulating findings.

Appellants also state:

> The issue for resolution is whether, under the law of the
> Virgin Islands, Minnesota and the Republic of Singapore, the
> defect of Mr. Gibson not having been a licensed attorney
> meant that the United States prosecuted the case through a
> DOJ officer who was not validly or properly delegated, and
> thus all of the actions purportedly taken on behalf of the
> United States were null and void and without legal effect.
> Such a defect cannot be cured by a *nunc pro tunc* designation.

Appellants offered no other statement or allegation in support of their motions.

The District Court noted that Appellants' references to Mr. Gibson's involvement

in various aspects of the case (motion practice, appeals, and a deposition in Singapore)

failed to articulate any particular misconduct, and lacked any mention of particular

prejudices they suffered. From this, it determined that Appellants pleaded nothing to

plausibly ground the grant of a new trial. We conclude that it properly foreclosed

---

[1] Appellants' fraud on the court claim is raised for the first time on appeal. After reviewing the record, we conclude that there are no extraordinary circumstances here. Thus, this cause is waived.

Appellants' frivolous request for a fishing expedition that promised to be an utter waste of judicial resources.

Next, in response to Appellants' assertion that Mr. Gibson's status precluded his authorization by the Government to represent its interests in this case, the District Court observed that Gibson had co-counsel from the Department of Justice's Tax Division who were duly authorized to represent the Government. Moreover, while Appellants are correct that membership in a state's bar is necessary to represent the Government, the absence of such status alone—a situation that the District Court correctly characterized as a purely administrative form of misconduct in this case—is inadequate to show prejudice sufficient to deserve a new trial. We note that merely labeling various acts as unethical or outrageous in an appellate brief is not enough. Additionally, Appellants failed to provide legal support for their contention that Mr. Gibson's inactive bar status de facto rendered the Government's actions in this case null and void.

The District Court properly relied upon our precedent for the rule that a new trial is appropriate only where there is a reasonable probability that the verdict was prejudiced by the attorney's misconduct. Our review of the record provides no evidence of any irregularities or improper acts that would ground a reasonable probability of a tainted verdict, or support a ruling of any prejudice at all. There was no reason for discovery or a hearing here, and the District Court did not err by dismissing the motions.

For all of these reasons we will affirm the District Court's order.